THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* " TIMOTHY T. FISKE ", Defendant.*

Children's Court, Chenango County, February 3, 1949.

*William J. Powers* for defendant.

*Charles Gallagher, County Attorney,* for " Alice Murphy ", complainant.

BARNES, J. This is a paternity proceeding authorized under article VIII of the Domestic Relations law.

The mother of the child was at the time married and living separately from her husband. There were children of the existing marriage. There is proof of intercourse between the mother of the child and the putative father. The matter is contested primarily upon the question of nonaccess of the mother and her husband.

The facts in this case are almost identical to *Admire* v. *Admire* (180 Misc. 68). The difference is that this is a paternity pro-

---
\* Names used herein are fictitious for the purposes of publication.

ceeding and the *Admire* case (*supra*) is a divorce action; and this distinction is pointed out on page 72 of the above case. In this proceeding the mother and her husband are proper witnesses upon the question of nonaccess, while in the *Admire* case they were not; and Judge BERGAN pointed out the distinction between the paternity case and the divorce case. This paternity proceeding is to enforce a statutory duty to support, and does not bind the child upon the question of legitimacy and it does not establish the status of the child.

The evidence here may be briefly summed up to establish that the child's mother and the putative father were living together at the time of the conception of this child; the child's mother and her husband have been separated for a period of time of more than one year before the birth of the child, but they had each visited the children of the marriage and in doing so they came face to face with each other at certain times. The putative father relies upon these facts to establish access of the mother and her husband and thereby raise the presumption of legitimacy. The entire history of this presumption is reviewed by Judge BERGAN in the *Admire* case cited above and it is not necessary to repeat it here.

The Legislature saw fit to change the rule allowing the mother and her husband to testify to nonaccess in paternity cases. (Domestic Relations Law, § 126.) It was intended thereby to change the common-law rule in paternity cases, to hold that the testimony of the mother and her husband should be given credence in these proceedings. They have testified and there is no reasonable grounds for disbelieving their testimony. They each had a right to visit the children of the marriage and they had a moral duty to do so. To hold that doing so sets up an operation of law which creates a hardship upon the father of the children, and relieves a duty of the putative father, is a fallacy which I believe the Legislature intended to overcome in this kind of proceeding.

The brief of the putative father urges that the provision allowing the husband and wife to testify in such a case applies only to nonaccess. Bouvier's Law Dictionary defines nonaccess as the nonexistence of sexual intercourse between husband and wife, and is understood to mean the same thing.

An order will be made in conformity with section 127 of the Domestic Relations Law providing for the payment of $8 per week until the child reaches sixteen years of age. Submit order accordingly.