Isidore Levine, J.
The unusual' facts herein present a novel twist in proceedings to establish paternity which , are incorporated in article 5 of the Family Court Act.
In what appears to be a first under this article, the petitioner seeks a declaration by the Family Court that he is the father of an infant Eric Robert Battle who was born to the respondent, Alexandra Battle on June 3,1968.
Although the respondent, Alexandra Battle, married the respondent Steven Battle in 1956, many years prior to the birth of the child, she had been separated from him for about seven years prior to the birth of the child, during which years the husband had lived continuously in South Carolina, without having at any time during said period been in the City or State of New York.
Although the respondent, Steven Battle did not appear to testify at the trial, he did in fact answer and return written court-approved interrogatories, which were duly authenticated, and were marked in evidence on behalf of the petitioner at the trial, which said answers attest to the facts hereinbefore set forth.
While the respondent mother, Alexandra Battle, appeared at the trial with counsel, she refused to testify other than to state that during the entire period of gestation, and in fact continuously for at least one year prior to the birth of the child she was living and was employed in New York City. No evidence was produced to indicate that she ever left the city or State during this period.
Based upon all the evidence adduced at the trial, consisting of the testimony of the petitioner, the petitioner’s mother, the minister who was present at the hospital after the child was born, and who officiated at the baptismal ceremony, and the written admission and writings of the respondent mother, the court finds that petitioner is the father of the child by overwhelming proof, far over and above the traditional clear and convincing and entirely satisfactory evidence, required under the case law of this State. Any presumption of legitimacy of the child herein (Matter of Findlay, 253 N. Y. 1) has been completely overcome by the uncontradicted and wholly credible evi *139 dence herein which clearly and convincingly negates access (People v. “ Fiske ”, 194 Misc. 94).
Respondent, however, contends that the Family Court does not have the power despite section 511 of the Family Court Act to declare paternity at the behest of a petitioner who alleges that he is the putative father of the child in question, since a reading of the statute indicates that it was designed for a female, to wit the mother, to be the petitioner, and for a male, to wit, the putative father, to be the respondent (Family Ct. Act, § 523), and moreover the petitioner is not a proper party to institute these proceedings within the purview of section 522 of the Family Court Act.
Section 511 of the Family Court Act provides in-part as follows: “ Jurisdiction. The family court has exclusive original jurisdiction in proceedings to establish paternity and, in any such proceedings in which it makes a finding of paternity, to order support and determine custody as set forth in this article ”.
In the Commentary in McKinney’s under section 511, noting the purposes of this new section, the statement is made that “ This jurisdictional grant is designed to permit the Family Court to draw upon all its resources in protecting and caring for the innocent child of an illicit relation.” (McKinney’s Cons. Laws of N. Y., Book 29A, pt. 1, Family Ct. Act, p. 242, Committee Comments, 2.)
Clearly the Family Court fulfills its purpose when it declares a person to be the father of a child, whether such person be the petitioner or the respondent, thereby casting upon such person all the obligations of a father, legal and moral, to his child. The Legislature of this State certainly did not intend to deny all relief in a case such as herein presented, just because the petitioner is a male, and the respondent is a female, when we consider that its purpose is to protect and care for innocent children of an illicit relation.
Moreover it would be unconstitutional, to deprive a petitioner of access to the laws and his only remedy, solely because he is a male. Equal access to the laws is clearly spelled out and repeated in the same language in the Fourteenth Amendment of the Federal Constitution and in section 11 of article I of the New York Constitution, both of which provide that all persons shall have “ equal protection of the laws ”.
Accordingly, since the public policy of the State of New York permits a mother to determine the parental relation of a male to her child, then nothing would justify irrational discrimination against a putative father by denying the same determi *140 nation to be made at the behest of a male. (For a scholarly analysis of the unconstitutionality of another section of the paternity statutes, based upon inequalities of Statutes of Limitation, but pertinent and relevant herein because of its finding of irrational discrimination, see decision of Judge Dembitz of the Family Court, in the case of Matter of Wales v. Gallan, 61 Misc 2d 681.) (See, also, Levy v. Louisiana, 391 U. S. 68.)
Although section 523 of the Family Court Act states that ‘ ‘ Proceedings are commenced by the filing of a verified petition, alleging that the person named as respondent is the father of the child * * * ” such provision should be liberally construed to carry out the intent of article V.
Authoritative of this proposition is the case of Schaschlo v. Taishoff (2 N Y 2d 408) where the Court of Appeals in a unanimous opinion stated (p. 411):
‘ ‘ The new law, although providing for indemnification of the community, is chiefly concerned with the welfare of the child (see N. Y. Legis. Doc., 1925, No. 106, pp. 13-18).
“ Consonant with this general purport, the statute under review should be liberally construed. * * *
“ In delegating to the court the task of effectuating the statutory intent to provide for the welfare of illegitimate children, the Legislature did so in terms broad enough to deny a narrow definition.”
To the same effect is a recent case by Judge Jacob T. Zukerman, of the Family Court, namely, Matter of Gordon v. Cole (54 Misc 2d 967) where the court held “ A filiation proceeding under modern law is a civil action, designed to protect the welfare of the child and the statutes governing that proceeding should be liberally construed (Schaschlo v. Taishoff, 2 N Y 2d 408 [1957].) ” It is now agreed that “ The law does not and should not look with favor upon suspending the question of parentage of a child in limbo ”. (Matter of ABC v. XYZ, 50 Misc 2d 792, 796-797.) (See, also, Matter of Anonymous v. Anonymous, 56 Misc 2d 711; People ex rel. Smith v. McFarline, 50 App. Div. 95.)
Finally on this point, see decision of Justice Sobel, Surrogate of Kings County, in the case of Matter of Ortiz (60 Misc 2d 756) where the court again held that the right to establish paternity should be liberally construed.
Dealing now with the objection raised by respondent mother that petitioner is not a proper party to bring these proceedings, we turn to section 522 of the Family Court Act which reads in part as follows: ‘ ‘ Proceedings to establish the paternity of the child and to compel support under this article may be com *141 menced by the mother, whether a minor or not, by the child’s guardian or other person standing in a parental relation or being the next of kin of the child
Clearly, by the very nature of the within proceeding, petitioner is alleging that he is standing in a parental relation to the child. As a matter of fact, he claims that he is the father of the child and seeks a declaration by this court to that effect, and accordingly he is a proper party petitioner.
Since the court finds all of the arguments raised by respondent to be without legal sanction, the court declares the petitioner to be the father of Eric Robert Battle, who was born to the respondent Alexandra Battle on June 3, 1968 and directs that an order of filiation be entered accordingly.
On the issue of proper amount of support for the child, and all other issues, the parties are directed to appear at Central Trial Term Part II of this court at 135 East 22nd Street, New York City on March 26, 1970.