Louis Otteu, J.
These two paternity proceedings present an interesting outgrowth of a proceeding on a writ of habeas corpus brought by the maternal grandmother of the children in the Supreme Court of Bronx County and referred to the Family Court, which proceeding relating to custody of the children is still pending. The decisions in the instant cases are not, nor are they intended to be, dispositive of the habeas corpus proceeding, although they may be relevant to the determination thereof. Accordingly, the petitioner in said proceeding (the maternal grandmother) and her attorney were allowed to be present and to participate in the paternity hearings.
The two children, both girls, subjects of these proceedings were born January 13, 1966 and April 20, 1967, respectively. Their mother died on August 16, 1970 at 24 years of age.
During her lifetime the mother received public assistance, and the records of the Department of Social Services which were received in evidence, indicate that on several occasions she named respondent as the father of the two children. As to the older child, Mabel, she did make other inconsistent statements. The respondent not only admits, but emphatically asserts that he is the father of both children. He is currently providing for .their care and support and has for sometime had actual custody of the children.
The maternal grandmother who has custody of several half-siblings of the children here involved, receives public assistance for the care of her charges. Consequently, absent findings of paternity, these two children are likely to become public charges. The proceedings therefore are properly originated by a public welfare official of the City of New York in accordance with section 522 of the Family Court Act and are timely instituted within the provisions of subdivision (b) of section 517 of that act.
Although the right of a putative father to maintain a paternity proceeding is highly questionable (Matter of Roe v. Roe, 65 Misc 2d 335; but, see, Matter of Crane v. Battle, 62 Misc 2d 137), the right of a public welfare official under the circumstances here present rests upon a firm statutory foundation. Nor is there anything in .the Family Court Act or other .statute requiring that the mother be alive at the commencement of .the proceeding.
The records of the Department of Social Services, supported by the emphatic admissions by the respondent, constitute clear and convincing evidence that respondent is the *592 father of the two -children. Consequently a finding of paternity is made in each case and an order of filiation is made as to each of the two children.
The Clerk of the court is directed to send a copy of this decision and the -orders thereon to the attorneys for both parties and to the attorney for the maternal grandmother of the children.