**EDWARD J. QUEAL**, Appellant, v **DIANE L. QUEAL**, Respondent.

We conclude that plaintiff is not foreclosed from challenging paternity. The common-law irrebuttable presumption of legitimacy long ago was "exploded" " 'on account of its absolute nonsense' " *(Matter of Findlay,* 253 NY 1, 7). As currently formulated, the presumption of legitimacy, although still "one of the strongest and most persuasive known to the law" *(Matter of Findlay, supra,* at 7), is rebuttable by clear and convincing evidence excluding the husband as the father or otherwise tending to disprove legitimacy *(see,* Family Ct Act § 531; *Matter of Jeanne C. v Peter W. D.,* 134 AD2d 779, 781, *lv dismissed* 71 NY2d 994; *Matter of Crane v Battle,* 62 Misc 2d 137, 138-139; *see generally,* 46 NY Jur 2d, Domestic Relations, §§ 579, 581). Although the policy considerations underlying the presumption of legitimacy are significant, they should not foreclose plaintiff from challenging paternity in the circumstances of this case.

Additionally, we conclude that plaintiff is not equitably estopped from challenging paternity. Although plaintiff did not question his paternity during the marriage, throughout the divorce proceedings, or for six years thereafter, plaintiff did not mislead anyone, but rather was misled by defendant, who concealed the child's parentage throughout that period. Immediately upon learning that the mother was declaring that he was not the father of the child, plaintiff started these proceedings and obtained a court order for HLA testing of all parties. In the circumstances presented, plaintiff is not estopped. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Modify Judgment.) Present—Denman, P. J., Callahan, Green, Lawton and Davis, JJ.