■ ELIZABETH A. P., Respondent, v PAUL T. P., Appellant. [605 NYS2d 614] —Order reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant appeals from an order denying his application to modify a 1990 judgment of divorce. He sought the modification to eliminate the statement in the divorce decree that the child, Matthew, is a child born of the marriage between the parties. Defendant presented HLA test results excluding him as Matthew's father, as well as plaintiff's admission that she may have had another sexual partner at the approximate time of Matthew's conception.

While it is presumed that a child born during a marriage is the biological product of the marital union, the presumption may be rebutted by clear and convincing proof excluding the husband as the father or otherwise tending to disprove legitimacy (see, Queal v Queal, 179 AD2d 1070). Neither public policy considerations nor equitable estoppel bars defendant from challenging paternity (see, Queal v Queal, supra).

We conclude, therefore, that Supreme Court erred in denying the application without conducting a hearing. We remit the matter for that purpose and direct that a Law Guardian be appointed to represent the interests of the child. If defendant can establish by clear and convincing proof that he is not the child's father, the application to modify the divorce judgment should be granted.

All concur except Balio, J., who dissents and votes to affirm in the following Memorandum:

Balio, J. (dissenting). The controlling issue in this case is not whether submission of the results of an HLA test might be sufficient to rebut the strong presumption of legitimacy. The pertinent issue is whether Supreme Court's denial of defendant's application to modify the judgment of divorce constituted an abuse of discretion. I am of the view that denial of that application was not an abuse of discretion, and thus, I respectfully dissent.

Prior to the birth of the child, plaintiff petitioned Family Court for an order of support. Defendant "acquiesced" in his "designation" as the father and did not appeal from an order directing him to support the parties' two children and the unborn child. In 1990, when the child was two years old, a judgment of divorce was granted to plaintiff, directing defendant to support the three children of the marriage, including the subject child. Defendant did not appeal from that judgment. Two years later, based upon rumors floating around his hometown, defendant, with the assistance of counsel, obtained plaintiff's consent for the performance of blood tests upon herself and the child. Neither plaintiff nor the child was represented by counsel. A report of those tests excludes defendant as the father. Defendant petitioned Erie County Family Court for a declaration that he was not the father and for a modification of support. The Family Court Hearing Examiner modified the support directive in the judgment of divorce, effectively terminating defendant's obligation to support the child. Because the Hearing Examiner opined that he lacked jurisdiction to modify the judgment of divorce as to paternity, the Hearing Examiner made no declaration whether defendant is the child's father. That portion of the petition apparently remains pending before Family Court. Defendant then brought the instant application to modify the judgment of divorce.

Supreme Court properly denied that application for two reasons. First, the child's interests were not adequately protected by plaintiff's consent that the child be subjected to an HLA test. Had the child been represented at that point, as was defendant, it is unlikely that an application for a court order authorizing that test would have been granted *(see, Matter of Erie County Dept. of Social Servs. v Vaughn W.,* 197 AD2d 924). In any event, the record establishes that the child would be adversely affected by a declaration that defendant is not his father. Defendant does not dispute plaintiff's assertion that they were sexually active at the time the child was conceived. Defendant has visited frequently with the child and has treated the child in the same manner as the child's siblings. This is not a case where the child's mother intentionally deceived her husband by asserting that he was the father *(see, Queal v Queal,* 179 AD2d 1070). Moreover, his obligation to support the child has been suspended. In my view, defendant should be estopped from challenging paternity, which, if successful, would deprive this child of the only father he has known *(see, Matter of Erie County Dept. of Social Servs. v*

*Vaughn W., supra).* (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Modify Support.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.