■ PETER FUNG, Appellant, v SUSANNA C. FUNG, Respondent. [655 NYS2d 657] —In an action for divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Queens County (Corrado, J.H.O.), dated July 12, 1996, which denied his motion to compel paternity testing, *inter alia,* under CPLR 3121.

Ordered that the order is affirmed, with costs.

The parties were married on August 22, 1990. In June 1992, the wife traveled to Hong Kong, returning on October 3rd of the same year. The husband admits to having resumed sexual relations with his wife upon her return. A daughter was born on August 4, 1993, after a full term pregnancy. In April 1994, the husband left the marital residence, and thereafter commenced this action for divorce. In his verified complaint, served in December of 1994, the husband alleged, *inter alia,* that on December 30, 1993, in the course of an argument with his wife, she told him that the child was not his. Thus, the husband sought a declaration as to the paternity of the child, and moved to compel the wife and child to submit to necessary blood tests to determine paternity.

A hearing was held before a Judicial Hearing Officer, at which time the husband testified, *inter alia,* that the wife had told him on September 7, 1993, October 6, 1993, October 14, 1993, December 30, 1993, February 17, 1994, and on several other, unknown, dates that the child was not his. The husband also claimed that he traveled to Hong Kong in January of 1995 and learned that his wife had been "with some other man". The wife denied ever having sexual relations with any other man during the couple's marriage, and denied ever telling her husband that the child was not his. The Judicial Hearing Officer held that the husband had failed to rebut the presumption of legitimacy and that the best interests of the child would not be served by ordering the blood tests. Thus, the husband's motion was denied. We now affirm.

"A child born during marriage is presumed to be the biologi-

cal product of the marriage and this presumption has been described as 'one of the strongest and most persuasive known to the law' " (*David L. v Cindy Pearl L.*, 208 AD2d 502, 503, quoting *Matter of Findlay*, 253 NY 1, 7). This presumption, however, "may be rebutted by clear and convincing proof excluding the husband as the father or otherwise tending to disprove legitimacy" (*Elizabeth A. P. v Paul T. P.*, 199 AD2d 1030). In this regard, the courts have the authority pursuant to CPLR 3121 to order blood testing where the legitimacy of a child is questioned (*see, Vito L. v Filomena L.*, 172 AD2d 648, 650). However, the doctrine of equitable estoppel may be raised as a defense to preclude a party from being compelled to submit to such a blood test. The paramount concern in such cases should be the best interest of the child (*see, Matter of Ettore I. v Angela D.*, 127 AD2d 6, 14; *Golser v Golser*, 115 AD2d 695, 698).

Under the circumstances of this case, the Judicial Hearing Officer properly determined that the interests of the child would best be served by denying the challenge to the husband's paternity. Here, although the husband asserts that his wife told him approximately one month after the child's birth that he was not the father, and repeatedly told him this subsequent to that time, the husband nevertheless waited for nearly one and one-half years before making the present motion, and then only as the result of the divorce proceedings. Additionally, the husband is listed on the birth certificate as the father, and has consistently held himself out as the child's father prior to the present action. Furthermore, the blood test would have the potential to brand the child illegitimate without settling the issue of paternity (*see, Vito L. v Filomena L., supra*, at 650-651; *Matter of Sharon GG. v Duane HH.*, 95 AD2d 466, *affd* 63 NY2d 859; *State of New York ex rel. H. v P.*, 90 AD2d 434). The husband's assertion of the wife's alleged affair with another man while she was in Hong Kong is also unpersuasive given the 10 months which elapsed between her return and the child's birth. Finally, the husband does not deny his sexual relationship with the wife during the critical period of conception.

Accordingly, the husband was properly estopped from challenging paternity. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.