■ CATHERINE A., Formerly Known as CATHERINE P., Respondent, v DAVID B., Appellant. [672 NYS2d 169] —Order unanimously affirmed without costs. Memorandum: The parties were married in May 1986 and divorced in February 1992. During the marriage one child was born, on April 29, 1989. The separation agreement, incorporated into the judgment of divorce, identifies that child as the only "child of the marriage" and resolves issues of custody, visitation and child support. In December 1996 defendant moved for an order setting aside the judgment of divorce on the grounds of newly discovered evidence and fraud (*see*, CPLR 5015 [a] [2], [3]) and directing plaintiff and the child to submit to blood tests for the purpose of determining paternity (*see*, CPLR 3121 [a]). The motion is grounded upon defendant's belated discovery that plaintiff, during the pregnancy, falsely represented that the results of an amniocentesis performed by her gynecologist established defendant's paternity.

Supreme Court properly denied the motion. A judgment " 'purporting to settle something as fundamentally important as the paternity of a child is not susceptible of vacatur' upon anything but 'newly discovered evidence strongly indicative of a result different than the one previously reached' " (*Matter of Beaudoin v Robert A.*, 199 AD2d 842, 844, quoting *Matter of Rosa v Diaz*, 136 AD2d 512, 514). Evidence that plaintiff falsely advised defendant of the results of a prenatal paternity test that was never performed does not strongly indicate that defendant is not the child's father (*cf., Elizabeth A. P. v Paul T. P.*, 199 AD2d 1030; *Queal v Queal*, 179 AD2d 1070). In view of the strong presumption of legitimacy (*see, Matter of Findlay*, 253 NY 1, 7; *David L. v Cindy Pearl L.*, 208 AD2d 502, 503) and proof that the parties had sexual relations during the period of probable conception (*see, Fung v Fung*, 238 AD2d 375; *Vito L. v Filomena L.*, 172 AD2d 648, 651), plaintiff's misrepre-

sentation does not warrant vacatur of the divorce judgment on the ground of newly discovered evidence (*see*, CPLR 5015 [a] [2]).

Nor does plaintiff's misrepresentation warrant relief from the judgment on the ground of fraud (*see*, CPLR 5015 [a] [3]). It is undisputed that defendant was on notice of plaintiff's infidelity six months prior to the child's birth and of the possibility that he was not the child's father (*see, Richard B. v Sandra B. B.*, 209 AD2d 139, 144-145, *lv dismissed* 87 NY2d 861, *rearg denied* 89 NY2d 982). Further, evidence that plaintiff lied about the amniocentesis does not establish that she also lied about the child's true parentage. Plaintiff has never taken the position that anyone but defendant is the child's father (*cf., Queal v Queal, supra*).

The court also properly denied defendant's application for an order compelling plaintiff and the child to submit to blood tests. Given the delay of over 7½ years from the child's birth to defendant's application, it was incumbent upon defendant to proffer more than conjecture that the boy is not his child (*see, Matter of Thomas v Rosasco*, 226 AD2d 800, 801; *Matter of Erie County Dept. of Social Servs. [Cebelle J.] v Vaughn W.*, 197 AD2d 924; *Matter of Director of Suffolk County CSEB v Eugene B.*, 148 AD2d 535). Proof of plaintiff's misrepresentation is not the same as proof that defendant is not the child's father (*cf., Elizabeth A. P. v Paul T. P., supra; Queal v Queal, supra*).

Finally, "[w]hile there are certain equitable considerations militating in [defendant's] favor, in the final analysis it is the child's best interests which are paramount" (*Matter of Richard B. v Sandra B. B., supra*, at 143; *see, Fung v Fung, supra; Vito L. v Filomena L., supra*, at 650). The desirability of allowing the child to know whether defendant is his father is outweighed by the benefit to the child in preserving his legitimacy and the bond that has developed with the only father he has ever known (*see, Matter of Sharon GG. v Duane HH.*, 95 AD2d 466, 469, *affd* 63 NY2d 859 *for reasons stated below; Matter of Richard W. v Roberta Y.*, 240 AD2d 812, *lv denied* 90 NY2d 809; *Matter of Glenn T. v Donna U.*, 226 AD2d 803; *Matter of Barbara A. M. v Gerard J. M.*, 178 AD2d 412, 413). Thus, the court properly declined to direct plaintiff and the child to submit to a "blood test [that] would have the potential to brand the child illegitimate without settling the issue of paternity" (*Fung v Fung, supra*, at 376). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Vacate Judgment.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Balio, JJ.