■ In the Matter of CARLTON WALKER, Appellant, v DOREEN COVINGTON et al., Respondents. [731 NYS2d 485] —In a child visitation proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Elkins, J.), dated January 10, 2000, which dismissed, with prejudice, his petition for visitation with the subject child.

Ordered that the order is affirmed, with costs.

In August 1984 the respondent Rhonda Covington gave birth to a daughter while she was married to the petitioner. Fourteen years later, the petitioner filed a petition for visitation with the child. At a hearing, it was revealed that Covington was having an extramarital affair with another man and living with him at the time the child was conceived. Covington asserted that the other man was the child's father, and that the child believed this as well. The petitioner had never met the child, had limited contact with her over the years, and did not rebut the evidence of the extramarital affair. Over the petitioner's objection, the Family Court ordered that blood tests be performed to determine paternity. They showed that the petitioner was not the child's father. The Family Court then issued an order dismissing the petition with prejudice. We affirm.

"A child born during marriage is presumed to be the biological product of the marriage and this presumption has been described as 'one of the strongest and most persuasive known to the law' " (*David L. v Cindy Pearl L.,* 208 AD2d 502, 503, quoting *Matter of Findlay,* 253 NY 1, 7; *see, Fung v Fung,* 238 AD2d 375). "This presumption, however, 'may be rebutted by clear and convincing proof excluding the husband as the father or otherwise tending to disprove legitimacy' " (*Fung v Fung, supra,* at 376, quoting *Elizabeth A. P. v Paul T. P.,* 199 AD2d 1030). In this regard, the courts have the authority pursuant

to CPLR 3121 to order blood tests where the legitimacy of a child is questioned (*see, Fung v Fung, supra*; *Vito L. v Filomena L.,* 172 AD2d 648, 650). However, the doctrine of equitable estoppel may be raised as a defense to preclude a party from being compelled to submit to such a blood test. The paramount concern in such cases should be the best interest of the child (*see, Fung v Fung, supra*; *Matter of Ettore I. v Angela D.,* 127 AD2d 6, 14).

Under the circumstances of this case, the Family Court properly determined that the child's best interests would be served by ordering the blood tests. The presumption of legitimacy was rebutted, and the record demonstrates that no parent-child relationship existed between the child and the petitioner. Therefore, the doctrine of equitable estoppel did not bar the ordering of blood tests, and the Family Court properly dismissed the petition with prejudice. Krausman, J. P., S. Miller, Schmidt and Crane, JJ., concur.