■ Barbara Michaleas, Appellant, v Nick Michaleas, Respondent. [25 NYS3d 246]—

Appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated July 7, 2015. The order, after a hearing, granted that branch of the defendant's motion which was to compel genetic marker testing to determine whether he is the biological father of the subject child. By decision and order on motion dated August 13, 2015, this Court stayed enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is affirmed, with costs.

After the plaintiff commenced this action for a divorce and ancillary relief, the defendant moved, inter alia, to compel the plaintiff and the subject child to submit to genetic marker testing to determine paternity. At a hearing, the defendant testified that the plaintiff had been in a sexual relationship with another man for the past five years, including the time period when the child was conceived, and she had told him that he was not the child's father. Additionally, the defendant testified that he did not have a relationship with the child, as he had moved out of the marital residence when he learned of the plaintiff's extramarital affair shortly after the child's first birthday. The child is now three years old. The plaintiff did not testify at the hearing. The Supreme Court granted the subject branch of the defendant's motion. The plaintiff appeals.

Although a child born during marriage is presumed to be the biological product of the marriage, this presumption may be rebutted by clear and convincing evidence excluding the husband as the father or otherwise tending to disprove legitimacy (*see Matter of Findlay*, 253 NY 1, 7 [1930]; *Matter of Ariel G. v Greysy C.*, 133 AD3d 749 [2015]; *Matter of Marilene S. v David H.*, 63 AD3d 949, 950 [2009]; *Matter of Barbara S. v Michael I.*, 24 AD3d 451, 452 [2005]). In this regard, courts have the authority pursuant to CPLR 3121 to order genetic marker testing where the legitimacy of a child is questioned (*see Matter of Walker v Covington*, 287 AD2d 572 [2001]; *Fung v Fung*, 238 AD2d 375, 376 [1997]; *Murtagh v Murtagh*, 217 AD2d 538, 539 [1995]; *Vito L. v Filomena L.*, 172 AD2d 648 [1991]; *see also* CPLR 3121). However, the doctrine of equitable estoppel may be raised as a defense to such testing, the paramount concern being the best interests of the child (*see Matter of Walker v Covington*, 287 AD2d at 573; *Fung v Fung*, 238 AD2d at 376; *see also Matter of Commissioner of Social Servs. v Julio J.*, 20 NY3d 995 [2013]; *Matter of Shondel J. v Mark D.*, 7 NY3d 320 [2006]).

Here, the doctrine of equitable estoppel does not bar the ordering of genetic marker testing, as the defendant's uncontroverted testimony established that no parent-child relationship had developed between the defendant and the child. There is no evidence that the child would suffer irreparable loss of status, destruction of his family image, or other harm to his physical or emotional well-being if testing were permitted to go forward (*see Matter of Sidney W. v Chanta J.*, 112 AD3d 950 [2013]; *Matter of Derrick H. v Martha J.*, 82 AD3d 1236 [2011]; *Matter of Charles v Charles*, 296 AD2d 547 [2002]; *Matter of*

*Walker v Covington*, 287 AD2d at 573; *Murtagh v Murtagh*, 217 AD2d 538, 539 [1995]; *cf. Fung v Fung*, 238 AD2d 375, 376 [1997]). Accordingly, the Supreme Court properly determined that genetic marker testing is in the child's best interests. Dillon, J.P., Hall, Roman and Duffy, JJ., concur.