■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD WALSH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered December 21, 1988, convicting him of burglary in the second degree, robbery in the third degree, criminal mischief in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the infant complainant testified that on April 13, 1987, shortly after he returned home from school at about 3:00 P.M., he answered the front door bell. The defendant was standing there and asked directions to Two Kingsbridge Plaza. After the complainant indicated that he could not help him, the defendant left. Shortly before 5:00 P.M. that same day, the defendant returned to the complainant's home. When the complainant answered the front door bell, the defendant again asked for directions to the same Plaza, and the complainant again responded that he did not know. The defendant then asked for a glass of water and when the complainant refused, the defendant forced his way into the house. The defendant took some money and jewelry, pulled the telephone from the wall and left. About four months after the incident, the complainant observed the defendant on the street, and the defendant was subsequently arrested. The People called as a witness the plant manager of the company where the defendant worked. He testified that the defendant's time card showed that on April 13, 1987, it was punched in at 8:08 A.M. and out at 4:34 P.M. However, it was elicited from the witness that at 3:00 P.M., the company employees took a ten-minute coffee break, that employees often left the premises during the coffee break, that since the company had no formal "check-in"

procedures following the coffee break, it was possible to return late from the break and not have the tardiness noted, and that it was common for employees to punch out each other's time cards at the end of the day. The plant manager further testified that on the day in question, the defendant's work product was extremely low compared to other days.

The defendant called as a witness a criminal investigator, who testified that it had taken him 20 minutes to walk from the defendant's workplace to the complainant's home and the return trip took 13 minutes; the hilly nature of the area accounted for the difference.

On these facts, we find that the trial court did not commit reversible error by denying the defendant's request for an alibi charge. The defendant's counsel had argued that since the complainant testified that the man he saw at about 3:00 P.M. was the same man who had returned at 5:00 P.M., the testimony concerning the defendant's presence at work was legally sufficient to raise the defense of alibi. However, as noted by the trial court, while the evidence as to the defendant's whereabouts at 3:00 P.M. was relevant on the issue of the complainant's credibility, it was not technically an alibi, because there was no evidence that the defendant was elsewhere at about 5:00 P.M., when the crimes were committed at the complainant's home.

In any event, even if an alibi charge was warranted, the trial court's failure to give such a charge would not require reversal

"since the charge as a whole conveyed the necessary information regarding the People's burden of proof * * *

"on the question of the defendant's identity as the intruder" (People v Warren, 76 NY2d 773, 775).

The defendant's other contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.