■ TERRENCE M., Appellant, v GALE C. et al., Respondents. [597 NYS2d 333] —Order, Family Court, New York County (Jeffrey Gallet, J.), entered on or about May 13, 1991, dismissing a petition for a declaration of paternity, unanimously affirmed, without costs.

Although blood tests in a paternity proceeding are statutorily mandated upon a party's motion (Family Ct Act § 532; *Matter of Costello v Timothy R.,* 109 AD2d 933), case law recognizes that the results of blood tests can be rendered irrelevant by the defense of equitable estoppel, and that issues of fact relating to such a defense should be resolved before such tests are ordered *(see, Michaella M. M. v Abdel Monem El G.,* 98 AD2d 464). Here, the essential fact relied on by Family Court in finding an estoppel was petitioner's failure to support respondent, or even to attempt to establish any kind of relationship with her, for almost the entire period of her minority. We agree that this undisputed fact operated to support an estoppel, making it incumbent upon petitioner to show why it would be in respondent's best interest to legalize his status as her father *(see, Matter of Sharon GG. v Duane HH.,* 95 AD2d 466, *affd* 63 NY2d 859). Upon his failure to do so, the court was not required to grant him another opportunity to argue his case at a hearing, and properly invoked the doctrine of equitable estoppel to preserve existing ties in the face of an outsider's threatened intrusion. "It would be incongruous, illogical and unrealistic to conclude that a child would be any less devastated by being forced to accept a stranger as her father merely because the stranger initiated the legal proceeding" *(Matter of Ettore I. v Angela D.,* 127 AD2d 6, 14).

Contrary to petitioner's assertion, the emotional impact of legally severing respondent's relationship with her now de-

ceased "father" is not insignificant, and neither can the adverse effects of a paternity declaration be discounted simply because respondent was not of tender years when the proceeding was commenced. Although respondent acknowledges that the proceeding is not time-barred, as such, its commencement at a time when respondent was almost 18 years old has rendered any issues of support and custody irrelevant, such that to now declare petitioner's paternity would be to bestow legal benefits on one who has not shown himself deserving.

The doctrine of equitable estoppel is invoked precisely in order "to prevent the enforcement of rights which [because not promptly asserted] would ultimately work fraud or injustice upon the person against whom enforcement is sought" *(supra,* at 12). Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Nardelli, JJ.