■ In the Matter of DANIEL RUDMAN, Appellant, v ELISABETH RUBENFELD et al., Respondents. [751 NYS2d 448] —Order, Family Court, New York County (Ruth Zuckerman, J.), entered on or about July 13, 1998, which, after a fact-finding hearing, dismissed the petition for a declaration of paternity on the ground of equitable estoppel, unanimously affirmed, without costs.

Petitioner's application to establish that he was the biological father of the subject child was properly dismissed on the ground of equitable estoppel. The child was born in 1985 and the evidence duly credited by the hearing court demonstrated that, in the 11 years between the child's birth and the filing of the instant petition, petitioner has had little or no contact with the child and has taken no measures to establish a relationship with her (*see Terrence M. v Gale C.*, 193 AD2d 437, *lv denied* 82 NY2d 661; *also see Matter of Glenn T. v Donna U.*, 226 AD2d 803). Under the circumstances, the child's best interests would not be served by permitting, at this late juncture, a disruption of the family unit that has been in place since her birth. Concur—Nardelli, J.P., Tom, Mazzarelli, Buckley and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL PINKNEY, Appellant. [750 NYS2d 749] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered November 16, 2000, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

The record of the settlement hearing supports the court's conclusion that the challenged portions of the transcript were inaccurate and that the alternate jurors had, in fact, been properly sworn (*see People v Alomar*, 93 NY2d 239; *People v Childs*, 247 AD2d 319, *lv denied* 92 NY2d 849).

The court properly declined defendant's request for an alibi instruction, since the evidence did not establish that he was elsewhere at the time that the crime was committed, or even that it would have been difficult for him to have arrived at the crime scene by the time of the crime (*see People v Walsh*, 169 AD2d 845). In any event, even if we were to find that an alibi charge should have been provided, we would find no basis for reversal because the charge as a whole conveyed the necessary information regarding the People's burden of proof and sufficiently instructed the jury that the burden never shifts to defendant (*People v Warren*, 76 NY2d 773). Concur—Nardelli, J.P., Tom, Mazzarelli, Buckley and Ellerin, JJ.