■ In the Matter of Todd S., Respondent, v Lauri B., Appellant. [974 NYS2d 349]—

Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about June 8, 2011, which denied respondent mother's objection to an order of filiation (same court, Matthew Troy, S.M.), entered on or about January 20, 2011, declaring petitioner to be the child's father, and bringing up for review an order, same court and Justice, entered on or about November 16, 2010, which denied respondent's motion to dismiss the paternity proceeding on the ground of equitable estoppel, unanimously affirmed, without costs.

The evidence presented at the hearing fails to establish that the best interests of the child will be served by estopping petitioner from asserting paternity (*see Matter of Gutierrez v Gutierrez-Delgado*, 33 AD3d 1133 [3d Dept 2006]). The child, who was three years old at the time of the hearing, was shown to be well adjusted, intelligent, and secure in her family structure. The record does not support respondent's contention that the child would be unduly traumatized or that her relationship with her half-sister or maternal uncle would be harmed by her learning the identity of her father.

Notwithstanding the child's close relationship with her maternal uncle, the court appropriately weighed the absence of an alternative father figure or the existence of an operative parent-child relationship that would be disturbed by the

establishment of petitioner's paternity (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Matter of Antonio H. v Angelic W.*, 51 AD3d 1022 [2d Dept 2008]). Nor, under all the circumstances, did petitioner delay inordinately in seeking to establish his paternity (*compare Matter of Rudman v Rubenfeld*, 300 AD2d 79 [1st Dept 2002]; *Terrence M. v Gale C.*, 193 AD2d 437 [1st Dept 1993], *lv denied* 82 NY2d 661 [1993]; *Matter of Mobley v Ishmael*, 285 AD2d 648 [2d Dept 2001]; *Matter of Glenn T. v Donna U.*, 226 AD2d 803 [3d Dept 1996]). Family Court appropriately considered the testimony of the competing expert witnesses, and properly excluded the report by respondent's expert. Concur—Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.