■ In the Matter of COMMISSIONER OF SOCIAL SERVICES on Behalf of MARIA G., Petitioner, v RAFAEL V., Respondent. CHELSEY G., Nonparty Appellant. [27 NYS3d 130]—

Order, Family Court, New York County (Susan R. Larabee, J.), entered on or about September 15, 2014, which, after an estoppel hearing, dismissed the paternity petition commenced by petitioner Commissioner of Social Services as assignee of the subject child's mother, unanimously affirmed, without costs.

The Family Court exercised its discretion in a provident manner in finding that it was in the child's best interests to dismiss the paternity petition on equitable estoppel grounds. The record shows that, although the then 16-year-old child was told by

her mother that respondent was her biological father when she was approximately five years old, she considered the mother's husband to be her father and had maintained a parent-child relationship with him since she was about six months old (*see Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 5 [2010]). The child never saw respondent until petitioner, as assignee of the child's mother, commenced the instant paternity proceedings against him to recoup public assistance the child received.

Although the child's attorney consented to genetic marker testing, he equivocated at the hearing, and there is no evidence in the record from the child herself, who is now 17 years old, that she wants to have respondent declared her biological father and to establish a father-daughter relationship with him (*see Terrence M. v Gale C.*, 193 AD2d 437, 437 [1st Dept 1993], *lv denied* 82 NY2d 661 [1993] ["It would be incongruous, illogical and unrealistic to conclude that a child would be any less devastated by being forced to accept a stranger as her father" (internal quotation marks omitted)]; *compare Matter of Carol S. v Gerard D.*, 276 AD2d 377 [1st Dept 2000]).

We have considered the attorney for the child's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe and Kapnick, JJ.