■ MICHEL DeL., Respondent, v MARTHA P. et al., Appellants.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about July 27, 1990, which inter alia, estopped respondents from challenging petitioner's pater-

nity of the two subject minor children and enjoined respondents from holding out respondent Charles P. as the children's father, unanimously affirmed, without costs or disbursements.

Petitioner and respondent Charles P. contest the right to be considered the father of two infant boys, John and Russell, ages 9 and 8, respectively. John was born, and Russell conceived, while petitioner was married to their mother, respondent Martha P. Petitioner and Martha were subsequently divorced, and Martha married respondent Charles P., who now claims paternity as to both boys. As part of the divorce, petitioner signed a separation agreement requiring him to pay Martha $100,000 per year for the rest of her life, irrespective of whether she remarried. That agreement, signed before the birth of Russell, acknowledged that "there has been one child of the marriage [John], who was born on April 9, 1983."

Whether petitioner or respondent Charles P. is the biological father of both boys is in dispute. Petitioner has supported both boys financially from the time of their birth, April 9, 1983 and September 2, 1984, respectively, having established trust funds for each of them, and has enjoyed ample visitation, including summers and holidays, with both children. The record demonstrates that, from the time of the boys' birth until late 1986, respondents actively and passively encouraged petitioner's paternal, emotional and financial relationship with the boys and acquiesced in and fostered his belief that he was their father. They accepted the large amounts he paid in child support and other benefits he provided. During the marriage, petitioner developed a strong father-son relationship with John, the older boy. After the divorce, he lavished love on both boys, behaving admirably as the non-custodial parent. As petitioner's children, they stand to inherit his father's residuary estate, which has a value of $5.8 million.

The IAS court held that the elements of equitable estoppel were proven and that it was in the best interest of the children that respondents be estopped from challenging petitioner's paternity. As this record shows, respondents acted in bad faith, permitting and encouraging petitioner's parental behavior and attachment to the children to continue for their own monetary gain. The doctrine of equitable estoppel is applicable to the issue of paternity, where, as here, "the failure to promptly assert a right has given rise to circumstances rendering it inequitable to permit the exercise of the right after a lapse of time". (*Matter of Ettore I. v Angela D.*, 127 AD2d 6, 12.) The record reflects that petitioner met his burden of establishing the traditional elements of estoppel,

i.e., representation, reliance and detriment, and that respondents did not meet their burden of demonstrating that, in the best interest of the children, estoppel should not be applied. *(Matter of Sharon GG. v Duane HH.,* 95 AD2d 466, 469, *affd* 63 NY2d 859.)* The court also properly took into account the children's economic interest in making a best interest determination. Concur—Sullivan, J. P., Ellerin, Ross and Rubin, JJ.