■ In the Matter of BENJAMIN G., a Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN H., Appellant. [644 NYS2d 350] —Crew III, J.

Respondent is the father of Benjamin G. (born in 1984). Following Benjamin's removal from his home in October 1994, petitioner commenced this proceeding against respondent, essentially alleging that respondent had neglected his son by failing to protect the child from the excessive corporal punishment inflicted upon him by his mother. Respondent thereafter failed to appear at either the fact-finding or dispositional hearings conducted in this matter. By order entered March 27, 1995, Family Court adjudicated Benjamin to be a neglected

child, continued his custody with petitioner and placed respondent under petitioner's supervision. This appeal by respondent followed.

As a starting point, we note that the order from which this appeal is taken expired by its own terms on March 9, 1996, and there is no suggestion that it has been extended. Respondent has not articulated, and we are unable to discern, any exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715) and, as such, the appeal must be dismissed as moot.

Moreover, even assuming that the order at issue indeed has been extended, it is well settled that no appeal lies from an order entered upon default (*see, Matter of Hurst v Hurst*, 227 AD2d 689; *Matter of Ashley X.*, 200 AD2d 911; *Matter of Zagary George Bayne G.*, 185 AD2d 320, 322, *lv denied* 80 NY2d 760). Instead, the appropriate remedy is to move to vacate the default and, if necessary, appeal the denial of that motion (*see, Matter of Ashley X., supra*). Respondent's claim that an exception to this rule should be made under the circumstances present here is unavailing. Although respondent indeed was represented by counsel at the respective hearings and counsel, in turn, cross-examined petitioner's witnesses, respondent missed his prehearing conference with counsel, failed to appear at either the fact-finding or dispositional hearings, offered no excuse for his failure to attend said hearings and made no attempt to offer proof in support of his claim that he had no actual or constructive knowledge of the abuse allegedly inflicted upon his son by the child's mother (*compare, Matter of Robert F.*, 200 AD2d 899; *Matter of Cecelia A.*, 199 AD2d 582, 583).

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.