THIRD DEPARTMENT, OCTOBER, 1997

(October 9, 1997)

◼ In the Matter of EDWARD QQ. et al., Children Alleged to be Abused and Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY RR., Appellant. [662 NYS2d 631] —Crew III, J. Appeals (1) from an order of the Family Court of Schenectady County (Griset, J.), entered November 30, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate the children under respondent's legal care to be neglected, and (2) from an order and amended order of said court, entered November 30, 1994 and December 9, 1994, which issued an order of protection against respondent.

At all times relevant, respondent was the person legally responsible for the care of the children who are the subject of this proceeding. In September 1993, petitioner commenced this proceeding against respondent alleging that she had abused Edward QQ. and, further, had neglected Edward and the remaining children. When respondent failed to appear for the scheduled hearing, an inquest was held and, by order entered November 30, 1994, Family Court adjudicated the children to be neglected. Additionally, Family Court ordered that respondent abide by the terms of an order of protection, also entered on that date, directing her to, inter alia, have no contact with the children. Family Court thereafter issued an amended order of protection, entered December 9, 1994, directing respondent to refrain from, inter alia, violent and abusive behavior with respect to or in the presence of the children. These appeals by respondent followed.

Although respondent argues on appeal that she was not ad-

vised of the hearing date and, further, did not receive effective assistance of counsel, her arguments overlook the fact that no appeal lies from an order entered upon default (*see, Matter of Benjamin G.*, 228 AD2d 813, 814). Rather, the appropriate remedy is to move to vacate the default and, if necessary, appeal the denial of that motion (*see, id.*, at 814; *Matter of Hurst v Hurst*, 227 AD2d 689). Accordingly, the instant appeals must be dismissed.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the appeals are dismissed, without costs.