In the Matter of LUIS S., Appellant, v ZORAIDA L. et al., Respondents, and FAMILY SUPPORT SYSTEMS UNLIMITED, Respondent. [833 NYS2d 506]—

Order, Family Court, Bronx County (Carol Ann Stokinger, J.), entered on or about March 2, 2006, which, in a paternity proceeding, after a hearing, denied petitioner putative father's motion for DNA testing of himself and the child, and granted respondent child protective agency's cross motion to dismiss the petition, unanimously affirmed, without costs.

Family Court denied the motion for DNA testing and dismissed the petition upon a finding that the child's best interests required that petitioner be equitably estopped from claiming paternity (Family Ct Act § 532 [a]). Petitioner argues (improperly for the first time on appeal) that the finding lacks sufficient factual support in the absence of expert testimony that the child's present psychological condition would be adversely affected were she to have a relationship with petitioner. The argument lacks merit. While the testimony of a mental health professional might in any given paternity case involving the child's best interests be helpful, it is not by definition a necessary element of proof, and the record, as it is and for the reasons stated by Family Court, contains ample support for the finding of equitable estoppel. We particularly note petitioner's 16-month delay in commencing the proceeding, the absence of any contact between petitioner and the child, and the child's bonding with the foster parents with whom she was placed at age 10 months (*see Purificati v Paricos*, 154 AD2d 360, 362 [1989] [psychological evidence not needed to support finding that child would be "traumatized" by dissolving his close father-son relationship with his mother's ex-husband developed over three-year period that petitioner delayed in commencing paternity proceeding]; *Matter of Dion D. v Nykeeba Chyrisse M.*, 250 AD2d 429 [1998], *lv denied* 92 NY2d 807 [1998] [petitioner not known to child and child's bonding with foster parent over 26-month period that petitioner delayed in commencing paternity proceeding]). Concur—Andrias, J.P., Saxe, Nardelli, Williams and Catterson, JJ.