■ In the Matter of AMANI DOMINIQUE H. and Another, Infants. ANDRE H., Appellant; CARDINAL MCCLOSKEY SERVICES et al., Respondents. [889 NYS2d 552]—

Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about June 27, 2008, to the extent it denied respondent father's motion to vacate a prior dispositional order, entered on or about March 13, 2007, which, upon respondent's default in appearing at the dispostional hearing, terminated his parental rights and transferred the custody and guardianship of the subject children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs. Appeal from so much of the June 27, 2008 order as denied respondent's motion to vacate a finding that he violated the terms and conditions of a suspended judgment, unanimously dismissed, without costs.

Although respondent failed to appear at the fact-finding and

dispositional hearings held on March 13, 2007, there was no default with respect to the fact-finding hearing because his attorney appeared and participated in that hearing (*see Matter of Vanessa M.*, 263 AD2d 542 [1999]; *see also Matter of Male J.*, 214 AD2d 417 [1995]). As the fact-finding portion of the order therefore was not entered upon a default, respondent's motion to vacate that portion of the order was improper, and the appeal from the denial of that motion is not properly before us.

Were the denial of respondent's motion to vacate the fact-finding portion of the order properly before us, we would find that respondent failed to demonstrate either a reasonable excuse for his absence from the hearings or a meritorious defense to the allegation that he violated the suspended judgment. Although he claimed he was incarcerated and scheduled to appear in Criminal Court on that date, respondent offered no evidence that he had notified the court or his attorney of his inability to appear in Family Court (*see Matter of Dumaka Hershey Jones D.*, 7 AD3d 261 [2004]). Respondent offered only conclusory statements to the effect that he did not violate the suspended judgment (*see Matter of Jones*, 128 AD2d 403, 404 [1987]). The record demonstrates that he failed to protect his children during a period of trial discharge, failed to comply with random drug tests, and deceived petitioner as to the children's biological mother's substance abuse and the fact that he was residing with her.

As to the dispositional portion of the order, respondent failed to demonstrate that a disposition other than the termination of his parental rights would serve the best interests of the children, who had lived with their foster mother for all but two months of their lives (*see Matter of Shaka Efion C.*, 207 AD2d 740 [1994]). Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.