■ In the Matter of JASON E., Respondent, v TANIA G., Respondent. GREGORY W., Nonparty Appellant. [893 NYS2d 542]—

Contrary to the court's conclusion that appellant had no further interest in the outcome of petitioner's paternity proceeding after his own paternity petition was dismissed on default, as the husband of the child's mother at the time of the child's birth, appellant is presumed to be the child's father until the presumption is rebutted, and therefore was a necessary party to petitioner's paternity proceeding (*see* Family Ct Act § 417; *Matter of Marilene S. v David H.*, 63 AD3d 949 [2009]; CPLR 1001 [a]; *see Matter of Richard W. v Roberta Y.*, 212 AD2d 89, 91-92 [1995]; *see generally Albert C. v Joan C.*, 110 AD2d 803 [1985], *superseded on other grounds by statute as stated in New Medico Assoc. v Empire Blue Cross & Blue Shield*, 267 AD2d 757 [1999]). Although appellant was never formally named as a party, the record establishes that he was served with the peti-

tion; in addition, the court made clear that it intended to hear the competing petitions together. When appellant failed to appear for the January 30, 2008 hearing and his appointed counsel failed to participate in the proceeding on his behalf, appellant's petition was dismissed and petitioner's petition was granted on default (*compare Matter of Vanessa M.*, 263 AD2d 542 [1999], *with Matter of Amani Dominique H. [Andre H.]*, 67 AD3d 466 [2009]). Appellant's only recourse was to move to vacate the orders entered on default (*see Matter of Edward QQ.*, 243 AD2d 748, 749 [1997]; *Matter of Geraldine Rose W.*, 196 AD2d 313, 316 [1994], *lv dismissed* 84 NY2d 967 [1994]).

Appellant's motion to vacate should have been denied in any event because he failed to demonstrate excusable neglect and a meritorious claim of paternity (CPLR 5015 [a] [1]; *see Matter of Jones*, 128 AD2d 403, 404 [1987]). Appellant's excuse that he did not have notice of the January 30, 2008 inquest is belied by the record, which also shows that he made little or no effort to ascertain when he was expected to return to court (*see Matter of Jaynices D. [Yesenia Del V.]*, 67 AD3d 518 [2009]; *Matter of Christian T.*, 12 AD3d 613 [2004]).

The presumption of legitimacy in appellant's favor is rebutted and invocation of the doctrine of equitable estoppel to bar him from challenging petitioner's paternity is justified by the evidence that the child's mother left appellant before or at about the time of the child's conception, that she led petitioner and the child to believe that petitioner was the father, that petitioner supported the child and raised her and her brother as his children from the time of the child's birth, and that petitioner and the child's mother attested in a signed and notarized statement that petitioner was the child's father (*see* Family Ct Act §§ 417, 418 [a]; *Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Matter of Kristen D. v Stephen D.*, 280 AD2d 717 [2001]; *Matter of Richard W. v Roberta Y.*, 240 AD2d 812 [1997], *lv denied* 90 NY2d 809 [1997]; *Michel DeL. v Martha P.*, 173 AD2d 308 [1991]; *Purificati v Paricos*, 154 AD2d 360 [1989]; *Matter of Ettore I. v Angela D.*, 127 AD2d 6 [1987]). Appellant failed to demonstrate that it would nevertheless be in the child's best interests for the court to order a DNA test (*see Matter of Shondel J.*, 7 NY3d at 326; *Matter of Darlene L.-B. v Claudio B.*, 27 AD3d 564 [2006]; *Matter of Richard W.*, 240 AD2d at 815; *Matter of Sharon GG. v Duane HH.*, 95 AD2d 466, 469 [1983], *affd* 63 NY2d 859 [1984]). The record demonstrates that appellant has had virtually no contact with or responsibility for the child and that for the first 18 months of her life he took no action to assert his paternity or to establish any relationship with her, but instead permitted another man to take on the responsibilities of fatherhood.

We have considered appellant's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.