■ In the Matter of DAVID G., Appellant, v MARIBEL G., Respondent. [940 NYS2d 590]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about July 22, 2010, which dismissed petitioner's paternity petition with prejudice, unanimously affirmed, without costs.

The court properly found that it was in the child's best interests to equitably estop petitioner from claiming paternity (Family Ct Act § 532 [a]). The record shows that petitioner had waited eight years before commencing the proceeding, and failed to communicate with the child or provide financial support. In addition, another man was listed on the child's birth certificate and the child believed that the man was her father (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 327 [2006]; *Matter of Willie W. v Magdalena D.*, 78 AD3d 958, 959 [2010]). Petitioner failed to demonstrate that it would nevertheless be in the child's best interests to order a DNA test (*Matter of Jason E. v Tania G.*, 69 AD3d 518, 519 [2010]). A hearing was not required, as the court had sufficient information to make a determination regarding the child's best interests (*see Matter of Glenn T. v Donna U.*, 226 AD2d 803 [1996]; *cf. Matter of Tyrone G. v Fifi N.*, 189 AD2d 8, 15 [1993]). Nor was a formal written motion to dismiss the petition required, as the court may dismiss the petition on its own motion or the motion of any party (*see* Family Ct Act § 532 [a]). Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.