Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about July 26, 2011, which, after a hearing, denied petitioner’s motion to vacate an order dismissing his paternity petition on default, unanimously affirmed, without costs.
*546 While petitioner demonstrated a reasonable excuse for his default in appearing, he failed to show a meritorious claim of paternity (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141-142 [1983]; Matter of Jason E. v Tania G., 69 AD3d 518, 519 [1st Dept 2010]). The court improperly relied on a purported DNA test that was not in the record, but its determination is otherwise supported by the record. Petitioner testified that, although he knew of the child’s birth within the year after she was born, he did not believe he was the father because of the mother’s lifestyle. This testimony tends to undermine petitioner’s claim, which he was required to prove by clear and convincing evidence (see Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996 [1985] [“Where there is proof in the record that a man other than the respondent has had intercourse with the petitioner during the critical time period, the evidence is insufficient as a matter of law”]).
The record also supports the application of the doctrine of equitable estoppel to preclude petitioner from pursuing his paternity claim (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326-327 [2006]). Petitioner waited almost four years after the child’s birth before commencing the paternity proceeding, during which time he failed to communicate with her or provide any financial support. The child, who had been removed from her mother’s care at the age of five months, lived with Jason A. and his extended family and an order of filiation was issued in 2007 declaring Jason A. her father. We agree with the court that it is not in the child’s best interests to interfere with her relationship with the only father she has ever known (see e.g. Matter of David G. v Maribel G., 93 AD3d 526 [1st Dept 2012]; Matter of Fidel A. v Sharon N., 71 AD3d 437 [1st Dept 2010]; Matter of Enrique G. v Lisbet E., 2 AD3d 288 [1st Dept 2003]).
We have considered petitioner’s remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Román and Clark, JJ.