■ In the Matter of DARNEL J.P., Appellant, v LIANNA Y.D., Respondents. [53 NYS3d 294]—

Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about May 19, 2016, which, after a hearing, found that petitioner was equitably estopped from asserting paternity of the subject child and dismissed the paternity petition, unanimously affirmed, without costs.

The record supports the application of the doctrine of equitable estoppel to preclude petitioner from pursuing his paternity claim (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326-327 [2006]). Petitioner waited almost four years after the child's birth, after having seen the child approximately four times, before commencing the paternity proceeding, during which time he failed to communicate with the child or provide any financial support (*see Matter of Cecil R. v Rachel A.*, 102 AD3d 545, 546 [1st Dept 2013]; *Matter of Luis S. v Zoraida L.*, 39 AD3d 377 [1st Dept 2007]). On one occasion, petitioner verbally and physically abused the child's mother in the child's presence, and the mother obtained an order of protection against him. Approximately two weeks later, curiously, petitioner filed the instant petition for paternity (*see e.g. Matter of Ettore I. v Angela D.*, 127 AD2d 6, 16 [2d Dept 1987]).

The child was brought up believing that the mother's husband, whom she calls "Daddy," was her biological father, and identifies members of his extended family as members of

her own family (*see Matter of Richard A.M. v Alejandra H.*, 123 AD3d 1129 [2d Dept 2014]). Furthermore, she only knew petitioner as the man who hit her mother. Accordingly, it is not in the child's best interests to interfere with her relationship with the only father she has ever known (*see Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 6 [2010]). Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.