Matter of Giselle H.G. (Vanessa G.) (2019 NY Slip Op 07482)





Matter of Giselle H.G. (Vanessa G.)


2019 NY Slip Op 07482


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


10094

[*1] In re Giselle H.G., also known as Giselle G., and Others, Children Under the Age of Eighteen Years, etc., Vanessa G., Respondent-Appellant, New York Foundling Hospital, Petitioner-Respondent, Administration for Children's Services, Petitioner.


Douglas H. Rieniger, New York, for appellant.
Daniel Gartenstein, Long Island City, for respondent.
Andrew J. Baer, New York, attorney for the child Giselle G.
Larry S. Bachner, New York, attorney for the child Dionne G.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child Diavonni G.
Lewis S. Calderon, Jamaica, attorney for the child Charisma D.



Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about September 11, 2017, denying respondent mother's motion to vacate a dispositional order, same court and Judge, entered on or about March 31, 2017 upon her default, which, upon a fact-finding determination that she permanently neglected the subject children, terminated her parental rights and committed custody and guardianship of the children to the petitioner agency and the Commissioner of Social Services for the City of New York for the purpose of adoption, unanimously affirmed, without costs.
The Family Court providently exercised its discretion in denying the mother's motion to vacate, as she failed to present a reasonable excuse for her failure to appear at the fact-finding and dispositional hearings, and failed to provide a meritorious defense to the petition to terminate her parental rights (CPLR 5015 [a][1]; Matter of Arianna-Samantha Lady Melissa S. [Carissa S.], 134 AD3d 582, 583 [1st Dept 2015], lv denied in part, dismissed in part 27 NY3d 952 [2016]). The mother failed to provide any details or documentation to support her claim that she was incarcerated on the date of the hearing (Matter of Amani Dominique H. [Andre H.], 67 AD3d 466 [1st Dept 2009]; Matter of Dumaka Hershey Jones D., 7 AD3d 261 [1st Dept 2004]; Matter of Devon Dupree F., 298 AD2d 103 [1st Dept 2002]).
Respondent's purported excuse of illness for failing to appear at another hearing was properly rejected since she failed to provide any documentation to substantiate her claim, and did not explain why she was unable to contact either the court or her attorney regarding her inability to attend the hearings of which she had notice, especially since the hearing with respect to the eldest child was held in the afternoon (Matter of Evan Matthew A. [Jocelyn Yvette A.], 91 AD3d 538 [1st Dept 2012]. In light of the mother's chronic failure to appear in court, the Family Court properly proceeded with the permanent neglect proceeding in her absence (Matter of Brittany [*2]Annette M. [Danielle McC.], 88 AD3d 466 [1st Dept 2011], lv dismissed 18 NY3d 873 [2012]; Matter of Kristen Simone V., 30 AD3d 174, 175 [1st Dept 2006]). Clear and convincing evidence supports the court's finding that despite the agency's diligent efforts, the mother permanently neglected her children.
We have considered the mother's remaining contentions, including that the court was biased against her in favor of the agency, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK