Matter of Pava v Atkinson (2020 NY Slip Op 01173)





Matter of Pava v Atkinson


2020 NY Slip Op 01173


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2019-01512
 (Docket No. V-05964-17/17A)

[*1]In the Matter of Carlos Pava, respondent, 
v
Zoe Atkinson, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Janet Neustaetter, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Domestic Relations Law § 77-d, the mother appeals from an order of the Family Court, Kings County (Judith D. Waksberg, J.), dated January 25, 2019. The order, after a hearing, denied the mother's objections to the father's petition to register in the Family Court, Kings County, an order of the Ontario Court of Justice, Ontario, Canada, dated December 10, 2014, which, inter alia, awarded sole custody of the parties' minor child to the father, and granted the father's petition.
ORDERED that the order dated January 25, 2019, is affirmed, without costs or disbursements.
The parties have a minor child who is the subject of this proceeding. The child initially lived with the mother in Ontario, Canada. In an order dated December 10, 2014 (hereinafter the custody order), the Ontario Court of Justice, inter alia, awarded sole custody of the child to the father. However, the mother allegedly did not become aware of the custody order until approximately 2017, when she received notice that the father had filed a petition in the Family Court, Kings County, to register the Ontario custody order in New York. The mother objected to the father's petition, and the court conducted a hearing on the matter on December 20, 2018. In an order dated January 25, 2019, the court denied the mother's objections and granted the father's petition to register the custody order in New York. The mother appeals.
Domestic Relations Law § 77-d provides for the registering, and contesting, of an out-of-state custody decree (see Matter of Worsoff v Worsoff, 161 AD3d 879, 880). Upon receipt of the child custody determination to be registered, the New York court is obligated to serve notice upon the affected persons and provide them with an opportunity to contest the registration (see Domestic Relations Law § 77-d[2][b]). "A person seeking to contest the validity of a registered order must request a hearing within twenty days after service of the notice" (Domestic Relations Law § 77-d[4]). At the hearing, "the court shall confirm the registered order unless the person contesting registration establishes" that (a) the issuing court did not have jurisdiction, (b) the custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so, or (c) the person contesting registration was entitled to, but was not given, notice in the underlying proceedings before the court that issued the order for which registration is [*2]sought (Domestic Relations Law § 77-d[4]; see Matter of Worsoff v Worsoff, 161 AD3d at 881).
Here, the mother contends that the Family Court should have granted her objections to the registration of the custody order in New York because she did not receive notice of the underlying proceeding which led to the custody order. The mother's contention is without merit because neither her hearing testimony, nor the evidence she submitted at the hearing, established that she was not given notice of the underlying proceeding in Ontario. Accordingly, we agree with the Family Court's determination granting the father's petition and denying the mother's objections to the petition (see Domestic Relations Law § 77-d[4]; cf. Matter of Jason E. v Tania G., 69 AD3d 518, 519).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court