Matter of Schenectady County Dept. of Social Servs. v Noah DD. (2021 NY Slip Op 07587)





Matter of Schenectady County Dept. of Social Servs. v Noah DD.


2021 NY Slip Op 07587


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

530838
[*1]In the Matter of Schenectady County Department of Social Services, on Behalf of Desiree CC., Respondent,
v
Noah DD., Respondent. Rory EE., Appellant.

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Alexandra J. Buckley, Clifton Park, for appellant.
Christopher Gardner, County Attorney, Schenectady (Ashley R. Dunbar of counsel), for Schenectady County Department of Social Services, respondent.
Veronica Reed, Schenectady, for Noah DD., respondent.
Alexandra G. Verrigni, Rexford, for Desiree CC.
Karen R. Crandall, Schenectady, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Schenectady County (Polk, J.), entered January 16, 2020, which, in a proceeding pursuant to Family Ct Act article 5, added Rory EE. as a necessary party.
Desiree CC. (hereinafter the mother) is the unmarried mother of the subject child (born in 2017). Nine months prior to the child's January 2017 birth, she was in a sexual relationship with respondent, and the two resided together in North Carolina. She entered into a relationship with Rory EE., a resident of New York, in November 2017, when the child was 10 months old. About four months later, petitioner filed an application on behalf of the mother against respondent seeking an order of filiation. By January 2019, after the child had just turned two years old, all parties were in agreement that there was no concern over equitable estoppel in this matter and that a genetic marker test as to respondent should be ordered (see generally Family Ct Act § 532 [a]). Family Court nonetheless determined that a hearing and written findings as to equitable estoppel were required before a test could be ordered. A hearing was held immediately, in Rory EE.'s absence. The mother briefly testified as to some aspects of the relationship between Rory EE. and the child, and written summations were submitted thereafter.
In August 2019, Family Court appointed counsel to represent Rory EE. At the next appearance, in September 2019, counsel appeared on behalf of Rory EE., then presumed to be an interested party, and indicated that her client had no interest in being the child's father and denied holding himself out as such. Concluding that Rory EE. needed to personally appear and testify as to his relationship with the child, the court reopened the equitable estoppel hearing, again notwithstanding the parties' unified position as to the inapplicability of estoppel.[FN1] Rory EE. did not personally appear in court for the ensuing December 2019 hearing day, and he was not compelled to do so (see generally Family Ct Act § 153). Over objection, Family Court, sua sponte, ordered that Rory EE. be added as a necessary party to this proceeding, directing the Clerk of the Family Court of Schenectady County to amend the court's records to that end. The court directed Rory EE.'s assigned counsel to serve a copy of the order memorializing same on her client and advise him that he was now a named respondent in this proceeding. We granted Rory EE.'s application for permission to appeal and for a stay of the proceeding pending resolution thereof. Rory EE. appeals.
Initially, this matter arose from a misapprehension of recent case law (see generally Matter of Schenectady County Dept. of Social Servs. v Joshua BB., 168 AD3d 1244 [2019]). No proceedings regarding equitable estoppel were necessary in the circumstances of this case. We further find that Family Court exceeded its authority by adding Rory EE. as a named respondent in this proceeding. Although a court may raise the [*2]absence of a necessary party at any stage of the proceedings upon its own motion (see CPLR 1003; City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475 [1979]; Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 135 [2021]; see generally CPLR 1001 [a]), following the 1996 amendment to CPLR 1003 (see L 1996, ch 39, § 2), a court cannot, on its own initiative, add or direct the addition of a party (see New Medico Assoc. v Empire Blue Cross & Blue Shield, 267 AD2d 757, 758-759 [1999]; see also Matter of Velez v New York State, Dept. of Corr. & Community Supervision, 163 AD3d 1210, 1211-1212 [2018]; LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d 911, 912 [2009]; compare CPLR 1003, as added by L 1962, ch 308; see generally Family Ct Act § 165). Rather, the court may only summon a person who should be joined, if the court has jurisdiction over the person; if jurisdiction over the person can be obtained only by his or her consent or appearance, the court must determine whether the proceeding should be permitted to proceed in that person's absence (see CPLR 1001 [b]; Matter of Velez v New York State, Dept. of Corr. & Community Supervision, 163 AD3d at 1212; Matter of Colavito v New York State Comptroller, 130 AD3d 1221, 1222-1223 [2015]; Matter of Smith v New York State Off. of the Attorney Gen., 110 AD3d 1201, 1204-1205 [2013]).
Family Court plainly did not have the authority to make Rory EE. a named party to this proceeding. Indeed, we are presented with the rare appellate circumstance where all parties are in agreement as to the court's error. Family Court has also failed to obtain jurisdiction over Rory EE. No petition or summons, or supplemental summons, was filed against or served upon him (see Family Ct Act §§ 522-525; CPLR 305 [a]; compare Matter of Jason E. v Tania G., 69 AD3d 518, 518-519 [2010]), no party has moved to add him as a necessary party and there has been no stipulation to that end (see CPLR 1003; compare Matter of Montgomery County Dept. of Social Servs. v Jose Y., 173 AD3d 1273, 1274-1275 [2019], lv dismissed 34 NY3d 1010 [2019]), and he has not appeared before Family Court or otherwise consented to the court's jurisdiction (see CPLR 320 [b]; compare Matter of Michael S. v Sultana R., 163 AD3d 464, 473-474 [2018], lv dismissed 35 NY3d 964 [2020]). For the foregoing reasons, we reverse and remit for further proceedings, at which time the parties remain free to move for or stipulate to Rory EE. being added as a necessary party, or not, and, absent such a motion or stipulation, and if his joinder is deemed to be necessary, the court is limited to directing that reasonable efforts be made to join him as a party or considering whether this matter should proceed in his absence (see CPLR 1001; Matter of Isaiah A. C. v Faith T., 43 AD3d 1048, 1048-1049 [2007]; compare Matter of Montgomery County Dept. of Social Servs. v Jose Y., 173 AD3d at 1274-1275).[FN2]
In light of our disposition, we need not address the remaining [*3]arguments except to remit this matter to a different judge. Given Family Court's confusion and misapplication of the law in a paternity proceeding, as well as other matters of concern, the interests of all are best served by the assignment of a new judge upon remittal (see Matter of Woodrow v Arnold, 149 AD3d 1354, 1357 [2017]; see also Matter of Diana XX. v Nicole YY., 192 AD3d 235, 239-243 [2021]; Matter of Varner v Glass, 130 AD3d 1215, 1217 [2015]; Matter of Cornell v Cornell, 8 AD3d 718, 720 [2004]).[FN3]
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision before a different judge.



Footnotes

Footnote 1: To the extent that the parties' written summations — submitted after the parties were required to participate in a hearing that none of them requested — confuse the issue of whether equitable estoppel was being raised, it is made clear on the record both before and after those submissions that no party was asserting estoppel.

Footnote 2: We have been informed by the attorney for the child that the mother and the child are presently residing out of state — without Rory EE.

Footnote 3: With no party asserting equitable estoppel, it is unclear whom Family Court believed was shouldering the burden to make "the requisite threshold showing of a nonfrivolous controversy as to paternity" (Matter of Mario WW. v Kristin XX., 149 AD3d 1227, 1228 [2017] [internal quotation marks and citation omitted]; see generally Matter of Stephen N. v Amanda O., 173 AD3d 1280, 1282 [2019], lv dismissed 34 NY3d 1033 [2019]; Matter of Christopher YY. v Jessica ZZ., 159 AD3d 18, 29 [2018], lv denied 31 NY3d 909 [2018]).