▆ In the Matter of the COMMISSIONER OF WELFARE OF THE CITY OF NEW YORK, Respondent, *v.* LEROY C. (ANONYMOUS), Appellant.— Appeals from two orders of the Family Court, Richmond County, each dated December 19, 1973 and made in separate paternity proceedings which were tried together. The orders adjudged appellant to be the father of the two children involved in the proceedings. Orders reversed, on the law and the facts, without costs, and new trial granted. While the proof was sufficient to establish a meretricious relationship between the children's mother and appellant, in our opinion it fell short of overcoming the presumption of legitimacy by failing to negate access on the part of the mother's husband during the period when conception must have occurred (*Matter of Mannain v. Lay*, 33 A D 2d 1024; *Matter of Gray v. Rose*, 32 A D 2d 994; *Matter of Black v. Brown*, 27 A D 2d 683). The presumption of legitimacy is "one of the strongest and most persuasive known to the law" (*Matter of Findlay*, 253 N. Y. 1, 7) and still obtains even though the mother was not living with her husband (*Commissioner of Public Welfare v. Koehler*, 284 N. Y. 260). Because of that presumption a substantial burden is cast on the petitioner. The petitioner must by clear and convincing proof negate access (*Matter of Gray v. Rose, supra*). There was no direct testimony given with respect to access on the part of the mother's husband. In our view justice will best be served by a new trial at which time the question of access can be fully developed. Moreover, we note in connection with the new trial to be held that photographs are not admissible to establish paternity, since evidence intended to show a resemblance between a child and the alleged father is neither accurate nor reliable (cf. *Bilkovic v. Loeb*, 156 App. Div. 719). Cohalan, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.