■ DAVID L., Respondent, v CINDY PEARL L., Respondent, and ALEXANDER DE FRANCA P., Appellant. In the Matter of ALEXANDER DE FRANCA P., Appellant. CINDY PEARL L., Respondent. [617 NYS2d 57] —In a matrimonial action and a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals (1) from an order of the Supreme Court, Westchester County (Coppola, J.), dated July 31, 1992 which denied his motion to intervene in the matrimonial action, and (2) as

limited by his brief, from stated portions of an order of the same court (Fredman, J.), entered August 20, 1992, which, *inter alia,* dismissed the paternity proceeding on the ground of equitable estoppel.

Ordered that the appeal from the order dated July 31, 1992, is dismissed, as academic, without costs or disbursements; and it is further,

Ordered that order dated August 20, 1993, is affirmed insofar as appealed from, without costs or disbursements.

In November 1989 the plaintiff husband commenced an action for divorce in which he alleged that the defendant wife had committed adultery with the petitioner. In July 1992, the petitioner, who claimed to be the biological father of a child born to the mother during the marriage on October 31, 1988, moved to intervene in the divorce action and to compel the parties to submit to blood testing. The court denied this motion and the petitioner seeks review of that ruling.

After the denial of the motion for intervention, the petitioner commenced a paternity proceeding in the Family Court, Westchester County, in August 1992, and again moved to compel the parties to submit to blood tests to determine the paternity of the then four-year-old child. However, after removing the Family Court proceeding to the Supreme Court and consolidating the divorce action with the paternity proceeding, the Supreme Court dismissed the paternity proceeding. The court held that the petitioner was equitably estopped from claiming paternity, since he had waited until the child was four years old to assert his claim. The petitioner also seeks review of that ruling.

The petitioner's appeal from the denial of the motion to intervene in the divorce action was rendered moot by the Supreme Court's consolidation of the divorce and paternity proceeding. In addition, the Supreme Court properly dismissed the paternity proceeding without conducting a hearing and without ordering blood testing.

A child born during marriage is presumed to be the biological product of the marriage and this presumption has been described as "one of the strongest and most persuasive known to the law" *(Matter of Findlay,* 253 NY 1, 7). The petitioner claims that the court erred in dismissing the paternity proceeding and not ordering blood tests without first conducting a hearing to afford him the opportunity to overcome the presumption. However, the doctrine of equitable estoppel may be raised as a defense to preclude a party from being compelled

to submit to a blood-grouping test *(see, Matter of Sharon GG. v Duane HH., 95 AD2d 466, affd 63 NY2d 859; State of New York ex rel. H. v P., 90 AD2d 434; Matter of Montelone v Antia, 60 AD2d 603).* In view of the fact that the child's birth certificate was in the husband's surname and the child was registered in school under that name, we find that the Supreme Court was presented with sufficient information so as to make an informed determination regarding the best interests of the child and the propriety of ordering blood tests of the parties without the necessity of any further hearing *(cf., Golser v Golser, 115 AD2d 695).* Accordingly, in light of the presumption of legitimacy and the fact that the petitioner waited nearly four years to assert his claim of paternity, we conclude that the Supreme Court properly dismissed the paternity proceeding based upon the doctrine of equitable estoppel. Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.