■ OWEN MURTAGH, Appellant, v ANNE MARIE MURTAGH, Respondent. [629 NYS2d 78] —In an action for a divorce and ancil-

lary relief, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated December 8, 1993, which denied his motion to compel the defendant wife and her two children to submit to human leucocyte antigen blood grouping tests.

Ordered that the order is reversed, on the law and the facts, with costs, and the plaintiff's motion is granted.

"A child born during marriage is presumed to be the biological product of the marriage and this presumption has been described as 'one of the strongest and most persuasive known to the law' " (*David L. v Cindy Pearl L.*, 208 AD2d 502, 503, quoting *Matter of Findlay*, 253 NY 1, 7). This presumption, however, "may be rebutted by clear and convincing proof excluding the husband as the father or otherwise tending to disprove legitimacy" (*Elizabeth A. P. v Paul T. P.*, 199 AD2d 1030). In this regard, "[t]he Supreme Court has the power and may pursuant to CPLR 3121 (a), in its discretion, order a blood-grouping test in any action 'where the legitimacy of a child born during wedlock is questioned' " (*Vito L. v Filomena L.*, 172 AD2d 648, 650, quoting *Kwartler v Kwartler*, 291 NY 689, 690).

We find that under the facts and circumstances of this case, the plaintiff husband is entitled to the requested blood tests. The husband commenced this divorce proceeding shortly after learning of the defendant wife's alleged adulterous affairs. The parties had no children at that time. However, the wife was pregnant. The husband immediately disavowed paternity. The child was born on February 17, 1990, and the husband sought to compel blood tests for the wife and child. Despite the parties' marital discord, they continued to live together until July 1990. In May 1990 the wife became pregnant with her second child and, on February 7, 1991, she gave birth to her second daughter. The husband also disavowed paternity of this child and sought to compel her as well as the wife and first child to take a blood test.

Here, considering the promptness with which the husband acted in disavowing paternity and the lack of an apparent parent-child relationship between him and the two children, the court erred in denying the husband's request to compel the blood tests (*compare, David L. v Cindy Pearl L., supra; Vito L. v Filomena L., supra; Matter of Ettore I. v Angela D.*, 127 AD2d 6). Bracken, J. P., Rosenblatt, Ritter and Goldstein, JJ., concur.