■ In the Matter of ALBERTO T., Appellant, v TAMMY D. et al., Respondents. [712 NYS2d 392] —In a paternity proceeding pursuant to Family Court Act article 5, the putative father appeals from an order of the Family Court, Putnam County (Braatz, J.), entered June 29, 1998, which granted the respondents' motion for summary judgment dismissing the petition.

Ordered that the order is affirmed, without costs or disbursements.

The respondents are husband and wife and have three children from their marriage. On July 23, 1997, the petitioner commenced this proceeding alleging, *inter alia*, that he is the father of the respondents' second child who was born on August 23, 1996. The respondents jointly opposed the petition asserting that the husband is the father of that child.

It is well settled that there exists a strong and persuasive presumption that a child born during a marriage is the biological product of the marriage (see, *Matter of Findlay*, 253 NY 1; *David L. v Cindy Pearl L.*, 208 AD2d 502). This presumption may only be rebutted by clear and convincing proof excluding the husband as the father or otherwise tending to disprove legitimacy (see, *Elizabeth A. P. v Paul T. P.*, 199 AD2d 1030). Further, the doctrine of equitable estoppel is applicable in paternity proceedings and is invoked to preserve the status of legitimacy for the child (see, *Matter of Ettore I. v Angela D.*, 127 AD2d 6).

The Family Court properly applied the doctrine of equitable estoppel and granted the respondents' motion for summary

judgment, after reviewing all of the factors presented in the parties' papers and concluding that it is in the child's best interest to dismiss the petition (*see, Matter of Ettore I. v Angela D., supra*). Krausman, J. P., Goldstein, Feuerstein and Smith, JJ., concur.