■ In the Matter of BARBARA S., Appellant, v MICHAEL I., Respondent. [805 NYS2d 425]—

In a paternity proceeding pursuant to the Uniform Interstate Family Support Act (Family Court Act art 5-B), inter alia, to adjudicate the respondent the father of the subject child, the petitioner mother appeals from an order of the Family Court, Kings County (Hepner, J.), dated December 21, 2004, which, after a hearing, denied the petition and dismissed the proceeding with prejudice for failure to overcome the presumption of legitimacy by clear and convincing evidence.

Ordered that the order is affirmed, without costs or disbursements.

"A child born during marriage is presumed to be the biological product of the marriage and this presumption has been described as 'one of the strongest and most persuasive known to the law' " (*David L. v Cindy Pearl L.*, 208 AD2d 502, 503 [1994], quoting *Matter of Findlay*, 253 NY 1, 7 [1930]). However, this presumption may be rebutted by clear and convincing evidence excluding the husband as the father or otherwise tending to disprove legitimacy (*see Matter of Walker v Covington*, 287 AD2d 572 [2001]; *Fung v Fung*, 238 AD2d 375, 376 [1997]).

The evidence at the fact-finding hearing established that the petitioner was married at the time the subject child was conceived and born. The evidence also established that the petitioner and her husband divorced nearly eight years following the child's birth. In addition, the evidence established that while neither the husband nor any other person was listed as the father on the child's birth certificate, the child's surname listed on the certificate was that of the husband. Also admitted into evidence was a divorce judgment which indicated that there were no children born of the marriage. The respondent did not appear at the hearing, and neither the petitioner, a Florida resident, nor the former husband testified. Further, although the petitioner and the subject child submitted to DNA testing, the respondent failed to do so.

The petitioner alleged that she and her husband executed a marriage settlement agreement more than three years prior to

the child's birth. The settlement agreement purportedly indicated, inter alia, that the parties had separated and intended to live apart permanently. However, the settlement agreement was not admitted into evidence, and there was no representation by the husband of non-access to the petitioner covering the time of the child's conception (cf. *Matter of L.M. v J.S.*, 6 Misc 3d 151). Therefore, based upon the record before us, the Family Court properly dismissed the petition in light of the petitioner's failure to overcome the presumption of legitimacy by clear and convincing evidence.

In light of our determination, we need not consider the petitioner's remaining contentions. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.