■ In the Matter of JUAN A., Appellant, v ROSEMARIE N., Respondent. [866 NYS2d 302]—

In a proceeding to establish paternity pursuant to Family Court Act article 5, the putative father Juan A. appeals from an order of the Family Court, Kings County (Pearl, J.), dated December 5, 2007, which, after a hearing, denied his request for a paternity test and dismissed his petition for an order of filiation declaring him to be the father of the subject child.

Ordered that the order is affirmed, with costs.

At the time of the proceeding, the respondent Rosemarie N. was the mother of four children, the eldest of whom was the daughter of the petitioner Juan A. On May 11, 2006 the petitioner sought to establish paternity over the respondent's second eldest child (hereinafter the child) who was born on August 4, 1998.

At a hearing on the issue of whether the petitioner should be equitably estopped from asserting a claim of paternity, the petitioner testified, inter alia, that he engaged in sexual relations with the respondent during the critical time of conception. He stated that he lived with the respondent during her pregnancy and for several months thereafter. The petitioner also testified that the child referred to him as "daddy" during her younger years but thereafter referred to him by the name of Mike or by another nickname. The petitioner was not present during the birth of the child and has not participated in the child's upbringing. The respondent occasionally permitted the child to accompany the eldest daughter on court-ordered visitation with the petitioner, explaining that the child expressed feelings of jealousy with respect to the activities that the eldest daughter was participating in during visitation.

After the hearing, the Family Court denied the petitioner's request for a paternity test and dismissed the petition on the basis of the doctrine of equitable estoppel. We affirm.

"The paramount concern in applying equitable estoppel in [paternity] cases has been, and continues to be, the best

interests of the child" (*Jean Maby H. v Joseph H.*, 246 AD2d 282, 285 [1998]; *see Matter of John Robert P. v Vito C.*, 23 AD3d 659, 661 [2005]). In situations where an individual has assumed the role of a father and where the petitioning putative father has neglected to assume such a role, the petitioning putative father has been estopped from asserting a claim of paternity (*see Matter of John Robert P. v Vito C.*, 23 AD3d at 660). Here, it was undisputed that the respondent's husband was present at the hospital on the day of the child's birth, financially supported the child since her birth, lived with the child since his marriage to the respondent in April of 2001, was actively engaged in the child's schooling, and established a loving father-daughter relationship with the child over the first seven years of her life. He holds her out to be his daughter and the child refers to him as "daddy." The Family Court was presented with sufficient evidence at the hearing and at an in camera interview with the child to make the determination that it was in the best interests of the child to equitably estop the petitioner from asserting a claim of paternity (*see Matter of Antonio H. v Angelic W.*, 51 AD3d 1022 [2008]; *Matter of Greg S. v Keri C.*, 38 AD3d 905 [2007]; *Matter of John Robert P. v Vito C.*, 23 AD3d 659 [2005]; *Matter of Ellis v Griffin*, 308 AD2d 449 [2003]; *cf. Matter of Walker v Covington*, 287 AD2d 572 [2001]). Accordingly, the Family Court properly denied the petitioner's request for a paternity test and dismissed the petition. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.