In the Matter of MARILENE S., Appellant, v DAVID H. et al., Respondents. [882 NYS2d 155]—

In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an award of child support, the petitioner appeals from an order of the Family Court, Westchester County (Duffy, J.), entered October 28, 2008, which

denied her objections to an order of the same court (Hochberg, S.M.), entered January 10, 2008, which dismissed the petition, without a hearing, on the ground that the petitioner was barred by the presumption of legitimacy from bringing the paternity proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the objections are granted, the order entered January 10, 2008, is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings on the petition before a Family Court Judge.

The petitioner commenced this proceeding pursuant to Family Court Act article 5 to establish that David H. is the father of the subject child. The subject child was conceived and born while the petitioner was married to another man, Charles S.

The Support Magistrate summarily dismissed the petition on the ground that, "as a matter of law" and "public policy," the petitioner should not be permitted to maintain a paternity proceeding under circumstances in which, having been married at the time of the child's conception and birth, her husband was the child's presumptive father. The petitioner objected to this order, both insofar as the Support Magistrate determined the matter before it, rather than transferring the case to a Family Court Judge, as requested, and insofar as it dismissed her petition as a matter of law based upon the presumption of legitimacy. In the order appealed from, the Family Court denied the objections on the ground that "a petition to have a man other than Petitioner's husband be declared the father of the Subject Child is, at best, premature" because "there has been no application by any party to vacate the paternity of Charles [S]." We reverse.

Since David H. has challenged his alleged paternity of the subject child, inter alia, on the ground of the doctrine of equitable estoppel, the matter should not have been determined by the Support Magistrate but, rather, transferred to a Family Court Judge (see Family Ct Act § 439 [a]).

In addition, a "child born during marriage is presumed to be the biological product of the marriage and this presumption has been described as one of the strongest and most persuasive known to the law" (Matter of Barbara S. v Michael I., 24 AD3d 451, 452 [2005] [internal quotation marks omitted]; see Matter of Findlay, 253 NY 1, 7 [1930]; Matter of Walker v Covington, 287 AD2d 572 [2001]; Murtagh v Murtagh, 217 AD2d 538, 539 [1995]; David L. v Cindy Pearl L., 208 AD2d 502, 503 [1994]). However, the notion that the presumption of legitimacy is conclusive, such that a "court would not listen to evidence cast-

ing doubt on [the] paternity" of a married woman's husband, was rejected long ago, as recognized by the Court of Appeals in *Matter of Findlay* (253 NY at 7). Rather, the presumption "may be rebutted by clear and convincing evidence excluding the husband as the father or otherwise tending to disprove legitimacy" (*Matter of Barbara S. v Michael I.,* 24 AD3d at 452; *see Matter of Findlay,* 253 NY at 7; *Matter of Walker v Covington,* 287 AD2d at 572; *Murtagh v Murtagh,* 217 AD2d at 539). Thus, the Support Magistrate erred in summarily determining that the petitioner could not, as a matter of law, prosecute a paternity action where the child presumptively had a father, i.e., the petitioner's husband.

Moreover, the Family Court erred in determining that the petition was premature because no application was made to "vacate" the paternity of Charles S. Charles S. has never acknowledged his paternity of the subject child (*see* Family Ct Act § 516-a; *Matter of Miskiewicz v Griffin,* 41 AD3d 853 [2007]), and neither he nor the petitioner ever conceded, in any other manner, that he is the subject child's father. Accordingly, the issues raised by the petitioner were properly before the Family Court in this paternity proceeding, and were ripe for review (*see Matter of Vilma J. v William L.,* 151 AD2d 758 [1989]). The Family Court, therefore, should have granted the petitioner's objections to the Support Magistrate's order. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.