■ In the Matter of SARAGH ANN K., Respondent, v ARMANDO CHARLES C., Appellant. [889 NYS2d 38]—

Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about January 5, 2009, which implicitly denied respondent's objection to a final order of child support, same court (Robert D. Mulroy, S.M.), entered on or about November 6, 2008, and bringing up for review the aforesaid order of support and an order of filiation, same court (Myrna Martinez-Perez, J.), entered on or about April 1, 2008, unanimously affirmed.

Family Court correctly issued these orders following proceedings held before a support magistrate and a Family Court judge. The record shows that petitioner mother established respondent's paternity by clear and convincing evidence, including respondent's testimony that he had a sexual relationship with petitioner during the relevant time period and genetic test results showing a 99.99% probability of paternity. These test results raised a rebuttable presumption of paternity (Family Ct Act § 532 [a]), which respondent failed to rebut. Notably, respondent did not challenge the accuracy of genetic testing in general or the accuracy of the instant test results.

Instead, respondent filed a motion requesting a hearing on the issue of equitable estoppel or alternatively a "best interests" hearing, arguing, inter alia, that it would be contrary to the

child's best interests to allow the mother to assert paternity almost 10 years after the child was born and speculating that the child might have another father figure in his life. Respondent's request for a best interests hearing was redundant, as "[t]he paramount concern in applying equitable estoppel in paternity cases is the best interests of the child" (*Matter of Greg S. v Keri C.*, 38 AD3d 905, 905 [2007]; *e.g. Richard B. v Sandra B.B.*, 209 AD2d 139, 143 [1995], *lv dismissed* 87 NY2d 861 [1995]). Respondent's moving papers did not set forth any facts indicating that a declaration of paternity would be against the child's best interests, but focused primarily on how a declaration of paternity would disrupt his own life as he had no prior relationship with the child.* Respondent did not identify any specific witnesses he wished to call at a further hearing. Under the specific facts presented here, respondent was not entitled to further proceedings before the issuance of the order of filiation and the final order of support. Concur—Andrias, J.P., Sweeny, Nardelli, Richter and Abdus-Salaam, JJ.

---

* The attorney for the child advised the court that the mother had told the child, when he was five years old, that respondent was his father. This information would suggest that, although there had been no contact, the child was well aware of respondent's parental status.