■ In the Matter of CARL HENRY P., Respondent, v TIWIANA L., Appellant, and SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Proceeding No. 1.) In the Matter of TIWIANA L., Appellant, v CARL HENRY P. et al., Respondents. (Proceeding No. 2.) [919 NYS2d 384]—

In these related paternity proceedings, the Family Court granted the motion of the Suffolk County Department of Social Services (hereinafter the DSS) for leave to intervene on the ground that the children were receiving public assistance. The Family Court then granted the motion of the DSS pursuant to CPLR 3211 (a) (7) to dismiss the petitions.

"A child born during marriage is presumed to be the biological product of the marriage and this presumption has been described as 'one of the strongest and most persuasive known to

the law' " (*Matter of Barbara S. v Michael I.*, 24 AD3d 451, 452 [2005], quoting *David L. v Cindy Pearl L.*, 208 AD2d 502, 503 [1994]). Moreover, "the doctrine of equitable estoppel is applicable in paternity proceedings and is invoked to preserve the status of legitimacy for the child" (*Matter of Alberto T. v Tammy D.*, 274 AD2d 587, 587 [2000]).

Here, the subject children, all of whom were conceived and born during the marriage, are presumed to be the legitimate children of the mother and her husband (*see* Domestic Relations Law § 240 [1]). Moreover, under the particular circumstances of this case, the Family Court properly applied the doctrine of equitable estoppel and concluded, without a hearing, in effect, that it was in the best interests of the children to preserve their status as legitimate (*see Matter of Alberto T. v Tammy D.*, 274 AD2d at 587). Accordingly, the Family Court properly, without a hearing, in effect, granted the motion of the DSS pursuant to CPLR 3211 (a) (7) to dismiss the petitions. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.