■ In the Matter of FELIX O., Respondent, v JANETTE M. et al., Appellants. KAREN P. SIMMONS, Attorney for the Child, Nonparty Appellant. [934 NYS2d 424]—

In July 1999 the appellant Janette M. (hereinafter the mother) gave birth to the subject child while she was married to the appellant Herbert M. (hereinafter the husband). The child was the third of six children born during the marriage. In January 2004 the petitioner, alleging that he was the child's father, commenced this proceeding pursuant to the Family Court Act article 5 to establish his paternity of the child. In response, the mother and the husband asserted the defenses of equitable estoppel and the presumption of legitimacy.

In August 2007, after granting the petitioner's motion for a mistrial, the Family Court conducted a second hearing on the

petitioner's right to a declaration of paternity and the defenses of equitable estoppel and the presumption of legitimacy. Following the petitioner's testimony, the husband and the mother separately moved to dismiss the petition on the basis of equitable estoppel and the presumption of legitimacy, and the petitioner cross-moved to direct the parties and the child to submit to genetic marker testing. The Family Court denied the motions of the mother and the husband, and deferred decision on the petitioner's cross motion. Subsequently, in December 2010, after a continued hearing on the issues of equitable estoppel and the presumption of legitimacy, the Family Court granted the petitioner's cross motion for genetic marker testing, finding that the mother and the husband failed to present sufficient evidence to establish the elements of equitable estoppel and that the petitioner rebutted the presumption of legitimacy. We reverse.

"The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child" (*Matter of Smythe v Worley*, 72 AD3d 977, 978 [2010]; *see Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 5 [2010]; *Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). "In situations where an individual has assumed the role of a father and where the petitioner putative father has neglected to assume such a role, the petitioning putative father has been estopped from asserting a claim of paternity" (*Matter of Juan A. v Rosemarie N.*, 55 AD3d 827, 828 [2008]; *see Matter of Shondel J. v Mark D.*, 7 NY3d at 327; *Purificati v Paricos*, 154 AD2d 360, 361-362 [1989]). Moreover, the doctrine of equitable estoppel is invoked in paternity proceedings " 'to preserve the status of legitimacy for the child' " (*Matter of Carl Henry P. v Tiwiana L.*, 82 AD3d 1245, 1245-1246 [2011], quoting *Matter of Alberto T. v Tammy D.*, 274 AD2d 587, 587 [2000]; *see David L. v Cindy Pearl L.*, 208 AD2d 502, 503 [1994]). The issue of equitable estoppel "does not involve the equities between [or among] the . . . adults; the case turns exclusively on the best interests of the child" (*Matter of Shondel J. v Mark D.*, 7 NY3d at 330; *see Matter of Dustin G. v Melissa I.*, 69 AD3d 1019, 1019 [2010]; *Marilyn C.Y. v Mark N.Y.*, 64 AD3d 645, 646 [2009]).

Although the Family Court improperly precluded the mother, the husband, and the Attorney for the Child on several occasions, over their objections, from eliciting testimony regarding the child's situation at the time of the hearing on the ground that the court was not conducting a best interests hearing (*see Troy VG v Tysha M. McG.*, 79 AD3d 606, 607 [2010]; *Matter of Saragh Ann K. v Armando Charles C.*, 67 AD3d 537, 537-538

[2009]), the record contains sufficient evidence for this Court to make a determination that it is in the child's best interests to equitably estop the petitioner from asserting his paternity claim. It is undisputed that the husband was present at the hospital on the day of the child's birth, lived with the child since her birth, was actively involved in her care and schooling, and established a loving father-daughter relationship with the child over the first 4½ years of her life prior to the filing of the petition. Further, it is uncontested that the father-daughter relationship between the husband and the child continued to exist at the time of the hearing, and that the child refers to him as "pop, father, dad, [or] poppy."

The petitioner, who was aware since early 1999 that he might be the child's biological father, acknowledged that the husband acted as the child's father, and that the child viewed the husband as her father. While the petitioner testified that he visited with the child during the first five years of her life, bought her clothing, and gave the mother money during his visits, the record contains no evidence that he assumed the role of the child's father during that time or that the child ever recognized him as her father.

Under the circumstances, and in light of the presumption of legitimacy, the Family Court should have determined that it was in the child's best interests to equitably estop the petitioner from asserting his paternity claim (*see Matter of Juan A. v Rosemarie N.*, 55 AD3d at 827-828; *David L. v Cindy Pearl L.*, 208 AD2d at 503; *Purificati v Paricos*, 154 AD2d at 360-362; *see also Matter of Fidel A. v Sharon N.*, 71 AD3d 437, 437 [2010], *affg* 16 Misc 3d 1104[A], 2007 NY Slip Op 51257[U] [2007]; *cf. Marilyn C.Y. v Mark N.Y.*, 64 AD3d at 646). A court does "not need psychological evidence . . . to support its conclusion that the child would be traumatized by dissolving a close father-[child] relationship" (*Purificati v Paricos*, 154 AD2d at 362; *see Matter of Luis S. v Zoraida L.*, 39 AD3d 377 [2007]; *see also Matter of Smythe v Worley*, 72 AD3d at 977-979; *Matter of Ettore I. v Angela D.*, 127 AD2d 6, 15 [1987]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the order must be reversed, the petitioner's cross motion to direct the parties and the child to submit to genetic marker testing denied, and the petition dismissed. Rivera, J.P., Dickerson, Eng and Roman, JJ., concur. **[Prior Case History: 30 Misc 3d 1209(A), 2010 NY Slip Op 52332(U).]**