■ In the Matter of John S., Appellant, v Imari W., Respondent, and Kwamel B., Respondent. [993 NYS2d 892]—

Order, Family Court, New York County (Douglas E. Hoffman, J.), entered on or about August 5, 2013, which granted the motion of respondent Kwamel B. to dismiss the petition of John S. for a declaration of paternity of the subject child, unanimously affirmed, without costs.

The court properly determined that it was in the best interests of the child to equitably estop petitioner from asserting paternity (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). The evidence shows that petitioner has failed to establish any kind of meaningful bond during the child's life, that the child recognizes respondent Kwamel B. as his father, that Kwamel has been the child's primary caregiver, and that it would be "detrimental to the child's interests to disrupt [his] close relationship" with Kwamel (*Matter of Fidel A. v Sharon N.*, 71 AD3d 437, 437 [1st Dept 2010]). Petitioner's claim that he promptly asserted his paternity rights is without merit, given his unexplained delay in bringing the petition for over two years after he met the child and was told that he was the child's father (*see Matter of Rudman v Rubenfeld*, 300 AD2d 79 [1st Dept 2002]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.