In the Matter of RICHARD A.M., Jr., Appellant, v ALEJANDRA H., Respondent. [999 NYS2d 532]—

Appeal from an order of the Family Court, Queens County (John M. Hunt, J.), dated March 21, 2013. The order denied the father's petition to establish paternity and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner claims to be the father of the subject child, who was born on July 3, 2008. The petitioner and the respondent mother were never married. Within months after the child's birth, the respondent began a relationship with another man, whom she eventually married, and who developed a parent-child relationship with the child.

In 2012, the petitioner commenced the instant proceeding against the respondent to establish his paternity with respect to the subject child. A hearing was held on the issue of whether the petitioner should be equitably estopped from claiming paternity with respect to the child. After the hearing, the Family Court denied the paternity petition on the basis of equitable estoppel.

An estoppel defense may be invoked "where the failure to promptly assert a right has given rise to circumstances rendering it inequitable to permit the exercise of the right after a lapse of time" (*Matter of Ettore I. v Angela D.*, 127 AD2d 6, 12 [1987]). The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child (*see Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 5 [2010]; *Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]).

Here, the petitioner was aware, from the time of the child's birth, that he was possibly the child's father. The petitioner was further aware that the respondent was involved in a relationship with another man and that the child had formed an attachment to that person, who was acting as the child's father. Nevertheless, the instant paternity proceeding was not commenced until 2012, when the child was almost four years old. Moreover, five other paternity proceedings commenced by the petitioner prior to the instant proceeding were dismissed based upon his failure to appear. Under these circumstances, the Family Court correctly determined that it was in the child's best interests to equitably estop the petitioner from asserting his paternity claim

(*see Matter of Ettore I. v Angela D.*, 127 AD2d at 15; *see also Matter of Felix O. v Janette M.*, 89 AD3d 1089, 1091 [2011]; *Matter of John Robert P. v Vito C.*, 23 AD3d 659, 661 [2005]).

Accordingly, the Family Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.