# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1091**
**CAF 14-00713**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JOYCE S., PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

KEVIN M. AND ROBERT S., RESPONDENTS-RESPONDENTS.

---

MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-APPELLANT.

KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-RESPONDENT ROBERT S.

JENNIFER M. LORENZ, ATTORNEY FOR THE CHILD, LANCASTER.

---

Appeal from an order of the Family Court, Wyoming County (Michael F. Griffith, J.), entered August 15, 2013 in a proceeding pursuant to Family Court Act article 5. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to article 5 of the Family Court Act, seeking a determination that respondent Kevin M. is the biological father of the subject child. Petitioner appeals from an order granting the motion of respondent Robert S. to dismiss the petition based on the doctrine of equitable estoppel. Contrary to petitioner's contention, Family Court properly determined that petitioner was equitably estopped from asserting paternity on behalf of Kevin, based on the best interests of the child (*see generally Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326). The court properly conducted a hearing to determine whether the best interests of the child required the application of that doctrine (*see generally Matter of Tracy C.O. v Douglas A.F.*, 66 AD3d 1390, 1392), and the evidence from that hearing supports the court's conclusion that Kevin does not have any meaningful bond with the subject child. The evidence also supports the court's further conclusion that the child recognized Robert as her father for her entire life until petitioner attempted to remove Robert from the child's life, that petitioner permitted Robert to be the child's primary caregiver and to develop a close and loving bond with Robert during that time, and that it would be "detrimental to the child's interests to disrupt her close relationship" with Robert (*Matter of Fidel A. v Sharon N.*, 71 AD3d 437, 437; *see Matter of John S. v Imari W.*, 121 AD3d 538, 538). Indeed, we note that Kevin admittedly did not visit the subject child for the seven months prior to the hearing on this issue, despite the fact that petitioner had custody of the child for the majority of that

time.  Thus, we agree with Robert and the Attorney for the Child that the court properly applied the doctrine of equitable estoppel to bar petitioner from challenging Robert's paternity.

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court