■ In the Matter of Ariel G., Appellant, v Greysy C. et al., Respondents. [20 NYS3d 145]—

Appeals from (1) an order of the Family Court, Queens County (Debra Schiraldi Stein, S.M.), dated May 8, 2014, and

(2) an order of that court (Marybeth S. Richroath, J.) dated September 30, 2014. The order dated May 8, 2014, granted the mother's motion to vacate an order of filiation of that court (Gregory L. Gliedman, S.M.) dated January 6, 2011, entered upon her default in appearing at a hearing, and, after a reopened hearing, denied the putative father's petition for an order of filiation and dismissed the proceeding. The order dated September 30, 2014, denied the putative father's objections to the order dated May 8, 2014.

Ordered that the appeal from the order dated May 8, 2014, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 30, 2014; and it is further,

Ordered that the order dated September 30, 2014, is affirmed, without costs or disbursements.

The petitioner commenced this proceeding for an order of filiation against Greysy C. (hereinafter the mother), alleging that he was the father of the mother's child. At a court appearance, the Support Magistrate noted that the mother was married, and added the mother's husband as a party to the proceeding. On the date set for a hearing, the petitioner appeared in court, but neither the mother nor her husband appeared. The Support Magistrate proceeding with the hearing, and the petitioner testified and presented exhibits. In a default order of filiation dated January 6, 2011, the Support Magistrate adjudged the petitioner to be the child's father.

The mother moved to vacate the default order of filiation. The Support Magistrate reopened the hearing, and the petitioner, the mother, and the husband gave testimony. In an order dated May 8, 2014, the Support Magistrate granted the mother's motion to vacate the default order of filiation, denied the petition, and dismissed the proceeding, finding that the presumption of legitimacy had not been overcome. In an order dated September 30, 2014, the Family Court denied the petitioner's objections to the order dated May 8, 2014.

A child born during marriage is presumed to be the biological result of the marriage, and this presumption has been described as one of the strongest and most persuasive known to law (*see Matter of Findlay*, 253 NY 1, 7 [1930]; *Matter of Marilene S. v David H.*, 63 AD3d 949, 950 [2009]). This presumption of legitimacy may be rebutted by clear and convincing evidence that either excludes the husband as the father or otherwise tends to disprove legitimacy (*see Matter of Findlay*, 253 NY at 8; *Matter of Marilene S. v David H.*, 63 AD3d at 951).

Under the circumstances of this case, the Support Magistrate properly granted the mother's motion to vacate the default order of filiation pursuant to its inherent discretionary power to vacate an order in the interest of substantial justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Matter of Sims v Boykin*, 130 AD3d 835, 837 [2015]; *Matter of Stanford v Job*, 113 AD3d 782, 782-783 [2014]). Upon vacating the default order of filiation, the Support Magistrate properly denied the petition and dismissed the proceeding on the ground that the petitioner failed to present evidence that the husband lacked access to the mother during the time of the child's conception, and thus failed to overcome the presumption of legitimacy by clear and convincing evidence (*see Matter of Barbara S. v Michael I.*, 24 AD3d 451, 453 [2005]; *Matter of Commissioner of Welfare of City of N.Y. v Leroy C.*, 45 AD2d 963 [1974]; *Matter of Mannain v Lay*, 33 AD2d 1024 [1970], *affd* 27 NY2d 690 [1970]). Accordingly, the petitioner's objections to the Support Magistrate's order dated May 8, 2014, were properly denied. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.