■ In the Matter of CARLOS O., Appellant, v MARIA G., Respondent. [52 NYS3d 392]—

Appeal by the petitioner from an order of the Family Court, Orange County (Lori Currier Woods, J.), entered March 22, 2016. The order, after a hearing, denied his petition to declare him the father of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

In April 2015, the petitioner filed a petition to declare him

the father of the subject child, who was then eight years old, and seeking an order for genetic testing pursuant to Family Court Act § 532 (a). The respondent acknowledged that the petitioner was the child's biological father, but noted that her husband's name was on the child's birth certificate, and that her husband had raised the child as his son for the entirety of the child's life. After a hearing, the Family Court denied the petition, determining that it would not be in the child's best interests to declare the petitioner the father. The petitioner appeals.

Pursuant to Family Court Act § 532 (a), "[t]he court shall advise the parties of their right to one or more genetic marker tests or DNA tests and, on the court's own motion or the motion of any party, shall order the mother, her child and the alleged father to submit to one or more genetic marker or DNA tests . . . to aid in the determination of whether the alleged father is or is not the father of the child. *No such test shall be ordered, however, upon a written finding by the court that it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman*" (emphasis added). " 'The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child' " (*Matter of Felix O. v Janette M.*, 89 AD3d 1089, 1090 [2011], quoting *Matter of Smythe v Worley*, 72 AD3d 977, 978 [2010]). " 'In situations where an individual has assumed the role of a father and where the petitioner putative father has neglected to assume such a role, the petitioning putative father has been estopped from asserting a claim of paternity' " (*Matter of Felix O. v Janette M.*, 89 AD3d at 1090, quoting *Matter of Juan A. v Rosemarie N.*, 55 AD3d 827, 828 [2008]). "The issue of equitable estoppel does not involve the equities between [or among] the . . . adults; the case turns exclusively on the best interests of the child" (*Matter of Felix O. v Janette M.*, 89 AD3d at 1090 [internal quotation marks omitted]).

Here, the Family Court properly determined that it was in the best interests of the child to deny the petition. Among other things, the petitioner provided limited financial support for the child and had seen the child only approximately 20 times over the course of the child's life. Additionally, the respondent's husband, whose name appears on the birth certificate, had assumed the role of the child's father, providing for the child financially and emotionally and living with the respondent and their other children as a family unit consistently for the entirety of the child's life. As such, although the parties agreed

that the petitioner was the child's biological father, the court properly estopped the petitioner from asserting any paternity claim in the child's best interests (*see Matter of Ettore I. v Angela D.*, 127 AD2d 6, 11-15 [1987]; *see also Matter of Richard A.M. v Alejandra H.*, 123 AD3d 1129, 1129-1130 [2014]; *Matter of Felix O. v Janette M.*, 89 AD3d 1089 [2011]; *cf. Matter of Stephen W. v Christina X.*, 80 AD3d 1083, 1085-1086 [2011]). Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.