Matter of Joseph O. v Danielle B. (2018 NY Slip Op 01192)





Matter of Joseph O. v Danielle B.


2018 NY Slip Op 01192


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
L. PRISCILLA HALL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-00316
 (Docket Nos. V-2875-16, P-2877-16)

[*1]In the Matter of Joseph O. (Anonymous), respondent,
v
Danielle B. (Anonymous), et al., appellants.


Kurland Group, New York, NY (Yetta G. Kurland, Erica T. Kagan, and LGBT Bar Association of Greater NY [Brett M. Figlewski], of counsel), for appellants.
Paul N. Weber, Cornwall, NY, for respondent.
Kelley M. Enderley, Poughkeepsie, NY, attorney for the child.
Seyfarth Shaw LLP, New York, NY (Cameron Smith, Nila Merola, and Rumbold & Seidelman, LLP [Denise Seidelman and Nina Rumbold], of counsel), for amicus curiae American Academy of Assisted Reproductive Technology Attorneys.



DECISION & ORDER
Appeal, by permission, from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered January 9, 2017. The order denied the motion of Danielle B. and Joynell B. to dismiss Joseph O.'s petition for visitation with the subject child and his petition to establish his paternity of the child.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the motion of Danielle B. and Joynell B. to dismiss Joseph O.'s petition for visitation with the subject child and his petition to establish his paternity of the child is granted.
The respondents, Danielle B. and Joynell B., were married in Connecticut on July 21, 2009. They decided to have a child and met the petitioner, Joseph O., through the Internet in their search for a sperm donor. On February 21, 2011, the parties entered into a "Three-Party Donor Contract," wherein they agreed, among other things, that the petitioner would provide the respondents with a semen sample for the purposes of artificial insemination, that he would have no parental rights or responsibilities in relation to any resulting children, and that he would not request or compel any guardianship or custody of, or visitation with, any child born from the artificial insemination procedure. On April 28, 2012, Danielle gave birth to the subject child. The birth certificate identifies Danielle and Joynell as the child's parents, and the child was given Joynell's surname.
The petitioner commenced related paternity and visitation proceedings in September 2015, but the proceedings were dismissed without prejudice for failure to join Joynell, a necessary party. In June 2016, the petitioner commenced these proceedings seeking visitation with the child and to be declared the father of the child. The paternity petition acknowledged that the child was born through artificial insemination, and that the birth mother was married to Joynell at the time of conception, but it also alleged that the petitioner was the father of the child. In his visitation petition, the petitioner identified himself as the child's biological father and alleged that visitation with him [*2]would be in the child's best interests because he had an established relationship with the child since her birth.
The respondents moved to dismiss the petitions, inter alia, on the grounds of the presumption of legitimacy under the common law and pursuant to Domestic Relations Law § 73, and the doctrine of equitable estoppel. In support of their motion, the respondents asserted that the petitioner, who had waited nearly 3½ years after the child's birth to initiate a paternity proceeding, had no meaningful relationship with the child. They further asserted that the child had formed a parental bond and relationship with each of the respondents, with whom the child had lived since her birth.
In opposition to the motion, the petitioner submitted an affidavit in which he stated that he had visited the child at the respondents' home three to four times each year throughout the first three years of her life, and had celebrated birthdays and holidays with the child and her family, sending gifts when he could not be present. The petitioner further stated that he was not trying to replace either of the respondents as the child's parent, and that he "would simply like to continue [his] relationship with [the child]." He contended that it would be in the child's best interests to continue to have him in her life.
The attorney for the child supported the respondents' motion to dismiss, affirming that the child recognized only the respondents as her parents. In an affidavit in reply, the respondents asserted that they had maintained only limited communication with the petitioner, that the petitioner had seen the child "only sporadically," and that the child did not recognize the petitioner as "anything other than an acquaintance of the family."
In an order entered January 9, 2017, the Family Court denied the motion. It found that the petitioner had set forth a prima facie showing that he was the child's biological father, and therefore the burden shifted to the respondents to show that it was not in the child's best interests for either a paternity test to be ordered or an order of filiation to be issued in the petitioner's favor. The court concluded that but for the respondents permitting contact between the child and the petitioner, they would have been entitled to the presumption of legitimacy. However, since they permitted the contact, the court found that there were triable issues of fact as to whether the petitioner was equitably estopped from asserting paternity. The respondents appeal.
The Family Court properly concluded that the irrebuttable presumption of parentage afforded by Domestic Relations Law § 73 is not applicable to the circumstances of this case, since the artificial insemination done here was not performed by a person duly authorized to practice medicine (see Domestic Relations Law § 73[1]). "Although our Legislature has provided an avenue to avoid factual disputes essentially by creating an irrebuttable presumption of legitimacy where the prerequisites of the statute are met" (Laura WW. v Peter WW., 51 AD3d 211, 217), those prerequisites were not met here. Nonetheless, Domestic Relations Law § 73 was not intended to be the exclusive means to establish the parentage of a child born through artificial insemination of a donor (see Matter of Christopher YY. v Jessica ZZ., _____ AD3d _____, 2018 NY Slip Op 00495, *10 [3d Dept 2018]; Matter of Kelly S. v Farah M., 139 AD3d 90, 102-104; Laura WW. v Peter WW., 51 AD3d at 214-215). Thus, the respondents' failure to comply with Domestic Relations Law § 73 only precludes them from the protections of that statute, but it does not foreclose the possibility that the paternity petition may be dismissed on other grounds (see Matter of Christopher YY. v Jessica ZZ., _____ AD3d _____, 2018 NY Slip Op 00495, *11).
It is an established legal presumption that every child born during a marriage is the legitimate child of both spouses (see Domestic Relations Law § 24[1]; Family Ct Act § 417; Matter of Fay, 44 NY2d 137, 141; Matter of David L. v Cindy Pearl L., 208 AD2d 502, 503). The respondents correctly contend that because the child was conceived and born to the respondents during their marriage, there is a presumption that the child is the legitimate child of both respondents (see Domestic Relations Law § 24[1]; Family Ct Act § 417; Matter of Christopher YY. v Jessica ZZ., _____ AD3d _____, 2018 NY Slip Op 00495, *5-6; Matter of Maria-Irene D. [Carlos A.—Han Ming T.], 153 AD3d 1203, 1205; Matter of Carl Henry P. v Tiwiana L., 82 AD3d 1245, 1246). However, the presumption of legitimacy is rebuttable (see Matter of Findlay, 253 NY 1, 7; Matter of Barbara S. v Michael I., 24 AD3d 451; Matter of Walker v Covington, 287 AD2d 572, 572; [*3]Murtagh v Murtagh, 217 AD2d 538), and thus its application alone does not warrant the summary denial of a paternity petition (see Matter of Marilene S. v David H., 63 AD3d 949, 950). We need not decide here what proof might rebut the presumption of legitimacy in this case (cf. Matter of Christopher YY. v Jessica ZZ., _____ AD3d _____, 2018 NY Slip Op 00495), as we find that the respondents were entitled to dismissal of the paternity petition on the ground of equitable estoppel.
The doctrine of equitable estoppel may be raised to prevent a biological father from asserting paternity rights in order to "preserve the status of legitimacy for the child" (Matter of Alberto T. v Tammy D., 274 AD2d 587, 587; see Matter of Felix O. v Janette M., 89 AD3d 1089, 1090; Matter of Carl Henry P. v Tiwiana L., 82 AD3d at 1246; Matter of Peter BB. v Robin CC., 256 AD2d 889, 890; Matter of David L. v Cindy Pearl L., 208 AD2d at 503; Vito L. v Filomena L., 172 AD2d 648, 650; Purificati v Paricos, 154 AD2d 360, 362; Matter of Ettore I. v Angela D., 127 AD2d 6, 13; Matter of Sharon GG. v Duane HH., 95 AD2d 466, 468-469, affd 63 NY2d 859) or to otherwise protect a child's established relationship with another who has assumed the parental role (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6; Matter of Shondel J. v Mark D., 7 NY3d 320, 327; Matter of Joyce S. v Kevin M., 132 AD3d 1419, 1420; Matter of Fidel A. v Sharon N., 71 AD3d 437; Matter of Juan A. v Rosemarie N., 55 AD3d 827, 828; Matter of Richard W. v Roberta Y., 240 AD2d 812, 814-815; Terrence M. v Gale C., 193 AD2d 437, 437-438). In general, the doctrine of equitable estoppel "is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought" (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; see Matter of John Robert P. v Vito C., 23 AD3d 659, 661; Jean Maby H. v Joseph H., 246 AD2d 282, 285; Matter of Boyles v Boyles, 95 AD2d 95, 97). An estoppel defense may be invoked "where the failure to promptly assert a right has given rise to circumstances rendering it inequitable to permit the exercise of that right" (Matter of John Robert P. v Vito C., 23 AD3d at 661; see Matter of Shondel J. v Mark D., 7 NY3d at 327). "The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child" (Matter of Smythe v Worley, 72 AD3d 977, 978; see Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 6; Matter of Felix O. v Janette M., 89 AD3d at 1090; Matter of Juan A. v Rosemarie N., 55 AD3d at 827-828; Matter of John Robert P. v Vito C., 23 AD3d at 661).
Here, it is undisputed that all of the parties intended that the petitioner would not be a parent to the child, even if they did contemplate some amount of contact after birth. The petitioner was not present at the child's birth, and was not named on her birth certificate. Despite the fact that he was undeniably aware of the child's birth and his possible claim to paternity, the petitioner waited more than three years to assert his claim of parentage. During that time, the child has lived with and been cared for exclusively by the respondents, each of whom has developed a loving parental relationship with her. Although the petitioner asserts that he has had some contact with the child, he does not claim that he has developed a parental relationship with the child or that she recognizes him as a father. Significantly, the petitioner acknowledges that he does not actually seek a parental role, only that he wants a legal right to visitation with the child. Under these circumstances, we find that a hearing was unnecessary, and it is in the child's best interests to dismiss the paternity petition on the ground of equitable estoppel (see Matter of Carl Henry P. v Tiwiana L., 82 AD3d at 1246; Matter of Alberto T. v Tammy D., 274 AD2d at 588; Terrence M. v Gale C., 193 AD2d 437; cf. Matter of Felix O. v Janette M., 89 AD3d at 1090-1091). Under the particular circumstances presented here, it would be unjust and inequitable to disrupt the child's close parental relationship with each of the respondents and permit the petitioner take a parental role when he has knowingly acquiesced in the development of a close relationship between the child and another parent figure (see Matter of Felix O. v Janette M., 89 AD3d 1089; Matter of Fidel A. v Sharon N., 71 AD3d 437; Matter of Juan A. v Rosemarie N., 55 AD3d 827; Matter of Peter BB. v Robin CC., 256 AD2d 889; Matter of Richard W. v Roberta Y., 240 AD2d 812; Matter of Ettore I. v Angela D., 127 AD2d 6).
Accordingly, the Family Court should have granted that branch of the respondents' motion which was to dismiss the paternity petition on the ground of equitable estoppel. Since "[i]t has long been the rule in this State that, absent extraordinary circumstances, only parents have the right to seek custody or visitation of a minor child" (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d at 29 [Pigott, J., concurring]; see Domestic Relations Law § 70), upon dismissal of the paternity petition, that branch of the respondents' motion which was to dismiss the visitation petition [*4]should have been granted as well.
In light of our determination, we do not reach the parties' remaining contentions.
RIVERA, J.P., HALL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court