Matter of Bernard S. v Vanessa A.F. (2018 NY Slip Op 02475)





Matter of Bernard S. v Vanessa A.F.


2018 NY Slip Op 02475


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-12451
 (Docket Nos. P-1741-14, P-2868-14)

[*1]In the Matter of Bernard S. (Anonymous), petitioner,
v
Vanessa A. F. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Michael S. (Anonymous), appellant,
v
Vanessa A. F. (Anonymous), respondent-respondent; Bernard S. (Anonymous), intervenor-respondent. (Proceeding No. 2).


Nicole Barnum, New York, NY, for appellant.
Cheryl Gammone, Staten Island, NY, for respondent-respondent.
Robert Marinelli, New York, NY, for intervenor-respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In related paternity and custody and visitation proceedings, Michael S. appeals from an order of the Family Court, Richmond County (Karen Wolff, J.), dated November 4, 2016. The order, insofar as appealed from, after a hearing, in effect, denied the paternity petition of Michael S. based upon equitable estoppel, denied the related custody and visitation petition commenced by Michael S., and dismissed both proceedings.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The child who is the subject of these proceedings was born to Vanessa F. in April 2005. No father was named on the birth certificate. In October 2013, Michael S. commenced a paternity proceeding against Vanessa to establish his paternity with respect to the child, and a related custody and visitation proceeding. Another man, Bernard S., commenced a separate paternity proceeding to establish his paternity with respect to the child. Bernard also moved for leave to intervene in Michael's proceedings, and to dismiss Michael's paternity petition on the ground of equitable estoppel and Michael's custody and visitation petition for lack of standing. Vanessa and the attorney for the child supported Bernard's motion to dismiss Michael's petitions. A hearing was held on the issue of equitable estoppel and whether it would be in the best interests of the child to order genetic testing. After the hearing, the Family Court found that it was not in the child's best [*2]interests to order genetic testing, and, in effect, denied Michael's petitions and dismissed his proceedings. The court also stated that it would issue a separate order granting Bernard's paternity petition. Michael appeals.
The Family Court properly applied the doctrine of equitable estoppel to preclude Michael from asserting his paternity claim with respect to the subject child. While the parties in a paternity proceeding generally have the right to a genetic marker test or DNA test, no such test shall be ordered where the Family Court makes a written finding that it is not in the best interests of the child on the basis of, among other grounds, equitable estoppel (see Family Ct Act § 532[a]). "Estoppel may . . . preclude a man who claims to be a child's biological father from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man" (Matter of Shondel J. v Mark D., 7 NY3d 320, 327). In general, the doctrine of equitable estoppel "is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought" (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; see Matter of John Robert P. v Vito C., 23 AD3d 659, 661; Jean Maby H. v Joseph H., 246 AD2d 282, 285; Matter of Boyles v Boyles, 95 AD2d 95, 97). An estoppel defense may be invoked "where the failure to promptly assert a right has given rise to circumstances rendering it inequitable to permit the exercise of that right" (Matter of John Robert P. v Vito C., 23 AD3d at 661; see Matter of Shondel J. v Mark D., 7 NY3d at 327). "The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child" (Matter of Smythe v Worley, 72 AD3d 977, 978; see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6; Matter of Felix O. v Janette M., 89 AD3d 1089, 1090; Matter of Juan A. v Rosemarie N., 55 AD3d 827, 827-828; Matter of John Robert P. v Vito C., 23 AD3d at 661).
Here, the hearing evidence demonstrated that Michael was aware, from the time he learned that Vanessa was pregnant with the subject child, that he was possibly the child's biological father. Michael was further aware that, following the child's birth, the child was being raised as the son of Bernard. The hearing evidence established that the child had always lived with Bernard, even during times when Vanessa did not, that Bernard alone had supported the child financially, and that the two had established a strong father-son relationship. Michael did not commence the paternity proceeding until October 2013, when the child was eight years old. Under these circumstances, we agree with the Family Court that it was in the child's best interests to equitably estop Michael from asserting his paternity claim (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 6; Matter of Shondel J. v Mark D., 7 NY3d at 327; Matter of Carlos O. v Maria G., 149 AD3d 945, 946; Matter of Joyce S. v Kevin M., 132 AD3d 1419, 1420; Matter of Richard A.M. v Alejandra H., 123 AD3d 1129; Matter of Rason S.B. v Alexis H., 101 AD3d 710, 711; Matter of Fidel A. v Sharon N., 71 AD3d 437; Matter of Juan A. v Rosemarie N., 55 AD3d at 828; Matter of Richard W. v Roberta Y., 240 AD2d 812, 814-815; Matter of Terrence M. v Gale C., 193 AD2d 437).
Michael's remaining contentions are not properly before this Court, as he did not raise them before the Family Court.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court