Matter of Walter G. v Isabel L. A. (2020 NY Slip Op 00128)





Matter of Walter G. v Isabel L. A.


2020 NY Slip Op 00128


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-06132 
2019-06133
 (Docket No. P-14942-18)

[*1]In the Matter of Walter G. (Anonymous), Sr., appellant,
v
Isabel L. A. (Anonymous), respondent; Charles A. (Anonymous), nonparty-respondent.


Law Office of Lance H. Meyer, Esq., PLLC, Lake Success, NY, for appellant.
Larry S. Bachner, New York, NY, for nonparty-respondent.
Adewole Agbayewa, Fresh Meadows, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the petitioner appeals from two orders of the Family Court, Queens County (Mildred T. Negron, J.), both dated April 12, 2019. The orders, after a hearing, granted the child's motion to dismiss the petition to establish paternity and dismissed the petition.
ORDERED that the orders are affirmed, without costs or disbursements.
In July 2018, the petitioner commenced this proceeding against Isabel A. (hereinafter the mother) to establish his paternity with respect to the subject child. The child was born in December 2016, during the mother's marriage to Charles A. (hereinafter the husband). The child moved to dismiss the petition on the ground of equitable estoppel. After a hearing, the Family Court granted the child's motion and dismissed the petition, finding that the presumption of legitimacy had not been overcome and that it was in the child's best interests to equitably estop the petitioner from asserting paternity. The petitioner appeals.
Pursuant to Family Court Act § 532(a), "[t]he court shall advise the parties of their right to one or more genetic marker tests or DNA tests and, on the court's own motion or the motion of any party, shall order the mother, her child and the alleged father to submit to one or more genetic marker or DNA tests . . . to aid in the determination of whether the alleged father is or is not the father of the child." However, "[n]o such test shall be ordered . . . upon a written finding by the court that it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman" (Family Ct Act § 532[a]).
" A child born during marriage is presumed to be the biological product of the marriage and this presumption has been described as one of the strongest and most persuasive known to the law'" (Matter of Onorina C.T. v Ricardo R.E., 172 AD3d 726, 728, quoting David L. v Cindy Pearl L., 208 AD2d 502, 503 [internal quotation marks omitted]). "However, this presumption of legitimacy may be rebutted by clear and convincing evidence excluding the husband as the father or otherwise tending to disprove legitimacy'" (Matter of Onorina C.T. v Ricardo R.E., 172 AD3d at 728, quoting Matter of Barbara S. v Michael I., 24 AD3d 451, 452). Here, we agree with the Family Court that the petitioner failed to rebut the presumption of legitimacy by clear and convincing [*2]evidence. The evidence at the hearing established that the husband's name was listed as the father on the child's birth certificate, and the testimony of the various witnesses conflicted as to whether the mother and the husband had intimate relations during the time period in which the child was conceived (see Matter of Ariel G. v Greysy C., 133 AD3d 749, 751; Matter of Barbara S. v Michael I., 24 AD3d at 453).
We further agree with the Family Court's determination that the petitioner was equitably estopped from asserting his paternity of the child. "The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child" (Matter of Felix O. v Janette M., 89 AD3d 1089, 1090 [internal quotation marks omitted]). "In situations where an individual has assumed the role of a father and where the petitioner putative father has neglected to assume such a role, the petitioning putative father has been estopped from asserting a claim of paternity" (id. at 1090 [internal quotation marks omitted]). "[T]he issue does not involve the equities between the two adults; the case turns exclusively on the best interests of the child" (Matter of Shondel J. v Mark D., 7 NY3d 320, 330).
Here, it is undisputed that the husband was present at the hospital on the day of the child's birth, lived with the child since her birth, was actively involved in her development, and established a loving father-daughter relationship with her (see Matter of Carlos O. v Maria G., 149 AD3d 945, 946; Matter of Felix O. v Janette M., 89 AD3d at 1091; cf. Matter of Ramos v Broderek, 166 AD3d 783, 784). While the petitioner met the child the day after her birth and spent time with her during her infancy, no evidence was presented to suggest that the petitioner established a parent-child bond with the child. Under these circumstances, we agree with the Family Court's determination that it was in the child's best interests to equitably estop the petitioner from asserting his paternity claim (see Matter of Carlos O. v Maria G., 149 AD3d at 946-947).
Accordingly, we agree with the Family Court's determination granting the child's motion to dismiss the petition and dismissing the petition.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court